| | |
|---|---|
| RICHMAN LAW GROUP<br>Kim E. Richman (*Pro Hac Vice*)<br>krichman@richmanlawgroup.com<br>81 Prospect Street<br>Brooklyn, NY 11201<br>Telephone: (212) 687-8291<br><br>ELSNER LAW & POLICY, LLC<br>Gretchen Elsner (*Pro Hac Vice*)<br>Gretchen@ElsnerLaw.org<br>150 Washington Avenue, Suite 201-220<br>Santa Fe, NM 87501<br>Telephone: (505) 303-0980<br><br>CENTER FOR FOOD SAFETY<br>Paige Tomaselli (CSB No. 237737)<br>Adam Keats (CSB. No. 191157)<br>ptomaselli@centerforfoodsafety.org<br>akeats@centerforfoodsafety.org<br>303 Sacramento Street, 2nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 826-2770<br><br>*Attorneys for Plaintiffs* | Mark McKane, P.C. (SBN 230552)<br>mark.mckane@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Gregg F. LoCascio, P.C. (admitted *pro hac vice*)<br>gregg.locascio@kirkland.com<br>Michael Glick (admitted *pro hac vice*)<br>michael.glick@kirkland.com<br>Jonathan Jones (admitted *pro hac vice*)<br>jonathan.jones@kirkland.com<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200<br><br>*Attorneys for Defendant* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ORGANIC CONSUMERS ASSOCIATION, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>SANDERSON FARMS, INC., a Mississippi corporation,<br><br>    *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:17-CV-03592-RS<br><br>**STIPULATION AND [PROPOSED] ORDER CONCERNING ESI PRESERVATION AND THE PROTOCOL FOR PRODUCTION OF DOCUMENTS** |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

1

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified the following counsel as the e-discovery liaisons who are and will be knowledgeable about and responsible for discussing the parties' respective ESI:

    For Plaintiffs:  Gretchen Elsner

    For Defendant:  Jonathan Jones

Each liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. Counsel will confer, as needed, about ESI to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have discussed their preservation obligations, and confirm that each party has preserved potentially relevant and responsive ESI, including from the relevant time period and for relevant individuals and central data storage repositories.  Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: mobile phone data, digital voicemail, and instant messaging. The parties also agree not to preserve backup media (including back-up tapes of Network Shares/Home Shares, back-up tapes of email, and disaster recovery tapes) that was created before June 22, 2017.

## 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. This shall include a discussion of the areas of discovery, numbers of custodians, types of drives and media to be searched, date ranges, use of search terms (if appropriate), and similar information, if pertinent.

## 6. DE-DUPLICATION

To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values) reside within a party's ESI data set, each party may produce only a single copy of a responsive document or record ("Single Production Copy"). Exact duplicates will be identified through calculation of MD5 or SHA-1 hash value and all de-duplication will occur at a family level.

## 7. PRODUCTION FORMATS

The parties agree to produce documents in either ☒ ☒TIFF or ☒native ☐file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

### A. Form of Production

The parties will produce all documents as Group IV single page black and white TIFF format files imaged at 300 dpi, except that spreadsheets and media files will be produced as native files, and that emails may be produced as native files. Name each TIFF file with a unique name matching the Bates number labeled on the corresponding page.

When processing ESI for review and for production in TIFF format, the producing party will instruct its vendor to force off Auto Date and unhide all hidden objects. UTC should be selected as the time zone.

### B. Image Load File

Provide an image load file (e.g., Opticon file or LFP) that contains document boundaries.

### C. Excel, Other Spreadsheet Files, Media Files, and E-Mail Files

Microsoft Excel files, files created other spreadsheet programs, and media files (e.g., video or audio files) shall be produced in native format with corresponding TIFF images of Bates-stamped slip sheets and appropriate confidentiality labeling. Emails may be produced in a native email format, such as MSG or a similar file format. The parties will provide a relative file path or link to the native Excel in the .dat file. The produced file should be named with an appropriate document-level Bates number. Documents that are to be produced in a native

format, but that require redactions will be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (e.g., the file is a video or very large spreadsheet), as a copy of the native file with the relevant portions replaced with "[REDACTED]" or a similar mark. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g., ABC00001.ppt").

**D.     Production of Physical Documents**

Documents or records which either were originally generated as or converted into ESI but now only exist in physical hard-copy format, or documents or records that were originally generated in hard-copy format, shall be converted to single-page image files (BLACK AND WHITE Group IV TIFF) and produced following the same protocols set forth herein or otherwise agreed to by the parties. All such documents will be produced with an OCR file as outlined in below.

**E.     OCR and Extracted Text Files (.TXT Files):**

Non-native ESI shall be produced with multi-page searchable Extracted Text or OCR text. For documents that were originally stored as native electronic files and which do not have redactions, the extracted, full text from the body of each document will be produced. For documents that were originally stored as native electronic files and which have redactions, OCR text will be produced from the redacted image(s) associated with each document.

**F.     Production Media**

Documents shall be produced on CD-ROM, DVD, external hard drive (with standard PC compatible interface), .ftp site, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each item of Production Media shall include: (1) the production date, and (2) the Bates number range of the materials contained on such Production Media item.

**G.     Document Metadata**

The parties agree to produce extracted metadata for each document in the form of a .dat file, and include the following fields, as shown in the table below. If specific fields cannot be provided for a particular document because, *e.g.*, the field is unavailable or contains privileged

4

information, the field should be left blank.  When a metadata field includes a date, the date shall be provided in the following format in separate fields as specified below:  mm/dd/yyyy or HH:mm:ssZ.

| Field | Description |
| --- | --- |
| Bates_Begin | The Bates label of the first page of the document. |
| Bates_End | The Bates label of the last page of the document. |
| Attach_Begin | The Bates label of the first page of a family of documents (*e.g*., email and attachment). |
| Attach_End | The Bates label of the last page of a family of documents (*e.g*., email and attachment). |
| File Name | The filename of an attachment or stand-alone e-file. |
| Subject | The document or email subject line. |
| Custodian | The custodian(s) of the document. |
| Filename Extension | The original filename extension suffix (*e.g*., .doc, .pps., .jpeg, .txt, .xls). |
| Sent_Date | For email, the sent date of the message. |
| Sent_Time | For email, the sent time of the message. |
| Create_Date | For efiles or attachments, the document's creation date or operating system creation date. |
| Create_Time | For efiles or attachments, the document's creation time or operating system creation time. |
| Modified_Date | For efiles or attachments, document's last modified date or operating system last modified date. |
| Modified_Time | For efiles or attachments, the document's last modified time or operating system last modified time. |
| Author | The author of a stand-alone efile or attachment. |
| From | The sender of an email message |
| To | The recipients of an email message, in a semi-colon delimited multi-value list. |
| CC | The copyee(s) of an email message, in a semi-colon delimited multi-value list. |
| BCC | The blind copyee(s) of an email message, in a semi-colon delimited, multi-value list. |
| MD5 | The calculated MD5 hash value of the document |
| Native_File | The file path to the location of the native file if produced natively. |

| AEO Conf_Desig | The confidentiality designation, if any, for the document pursuant to any protective order in the case. |
| --- | --- |
| TextPath | The location of the extracted text or OCR text being produced |

Notwithstanding the foregoing, the parties will meet and confer in good faith as necessary prior to the production of documents, with technical experts as needed, to clarify or resolve any issues (*e.g.*, definitions of metadata fields, inconsistencies, and burden) concerning the production of metadata.

### H. Attachments

Email attachments must be mapped to their parent by the Document or Production number. BeginAttach and EndAttach fields must be populated for parent documents.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows:

- The Producing Party shall notify the Receiving Party in writing within ten business days after discovery of an inadvertent production or disclosure.
- Such inadvertently produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information.
- No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be provided to anyone who

did not already have access to them prior to the request by the Producing Party that they be returned.

- In the case of an inadvertently produced or disclosed document, the Producing Party shall include the Discovery material in a privilege log identifying such inadvertently produced or disclosed document.
- The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

c) Communications involving trial counsel that post-date the filing of the original complaint (June 22, 2017) need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record, on this 19th day of March, 2018.

| | | |
|---|---|---|
| Dated: March 19, 2018 | | */s/ Kim E. Richman* |

RICHMAN LAW GROUP
Kim E. Richman (*Pro Hac Vice*)
krichman@richmanlawgroup.com
81 Prospect Street
Brooklyn, NY 11201
Telephone: (212) 687-8291

CENTER FOR FOOD SAFETY
Adam Keats (CSB No. 191157)
Paige Tomaselli (CSB No. 237737)
ptomaselli@centerforfoodsafety.org
akeats@centerforfoodsafety.org
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
Telephone: (415) 826-2770

ELSNER LAW & POLICY, LLC
Gretchen Elsner (*Pro Hac Vice*)
Gretchen@ElsnerLaw.org
150 Washington Avenue, Suite 201-220
Santa Fe, NM 87501
Telephone: (505) 303-0980

*Attorneys for Plaintiff*


*/s/ Mark McKane*

Mark McKane, P.C. (SBN 230552)
mark.mckane@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
gregg.locascio@kirkland.com
Michael Glick (admitted *pro hac vice*)
michael.glick@kirkland.com
Jonathan Jones (admitted *pro hac vice*)
jonathan.jones@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000

*Attorneys for Defendant*

8

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 3/19/18

_____
THE HONORABLE RICHARD SEEBORG