UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORGANIC CONSUMERS ASSOCIATION, et al.,

Plaintiffs,

v.

SANDERSON FARMS, INC.,

Defendant.

Case No. 17-cv-03592-RS

**ORDER DENYING MOTION FOR SANCTIONS**

## I. INTRODUCTION

Defendant Sanderson Farms, Inc. moves for sanctions against plaintiffs' counsel and for dismissal of this case in its entirety on the grounds that plaintiffs included factual allegations in their complaint which they knew to be false. Pursuant to Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the hearing set for April 12, 2018 is vacated. For the reasons explained below, Sanderson's motion is denied.

## II. BACKGROUND

Sanderson is a poultry processing company that produces, processes, markets, and distributes fresh and frozen chicken products. Plaintiffs are three non-profit organizations who bring suit against Sanderson over advertising and marketing materials they claim are designed to, and do, mislead consumers about the nature of Sanderson's chicken products and farming practices. Plaintiffs' First Amended Complaint advances claims under California's Unfair

Competition Law ("UCL") and False Advertising Law ("FAL"). Sanderson previously moved to dismiss plaintiffs' action but that motion was denied on February 26, 2018.

In the FAC, plaintiffs allege testing performed by the U.S. Department of Agriculture ("USDA") reported 49 instances in which Sanderson's products tested positive for antibiotics, pharmaceuticals, and other unnatural substance residues. Sanderson contends those allegations are false. Relying on declarations from two USDA employees, Sanderson asserts the USDA informed plaintiffs' counsel that the initial test results provided to plaintiffs were incomplete and unconfirmed preliminary screening data and that further testing ultimately indicated no violation or detection of contaminants. Sanderson argues that plaintiffs, despite having received this information, proceeded with the suit and knowingly misrepresented the USDA data in the FAC, thereby violating Federal Rule of Civil Procedure 11.

## III. LEGAL STANDARD

Rule 11 sanctions are appropriate if an action has been brought for an improper purpose, the claims are not warranted by existing law or the extension of the law, or the allegations lack evidentiary support. Fed. R. Civ. P. 11(b). Sanctions, however, are an "extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). They should be reserved for "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344.

## IV. DISCUSSION

"Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotation marks omitted). Courts look to whether "a reasonable basis for the position exist[ed] in both law and in fact at the time the position [was] adopted." *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992) (citation omitted). A claim that has "some

plausible basis" even "quite a weak one," is sufficient to avoid sanctions under Rule 11. *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001).

Here, the conduct of plaintiffs' counsel is not so clearly baseless or unreasonable as to warrant sanctions. First, the Court's prior denial of Sanderson's motion to dismiss makes clear that the FAC is not legally baseless. Second, while plaintiffs' counsel ideally could have been more transparent in both the FAC and the opposition to Sanderson's motion to dismiss regarding the USDA's position on the testing data it had provided, their reliance on the USDA's data was not without a reasonable basis. Plaintiffs make clear that they did inquire into the basis for the USDA's data. They studied the process of the USDA Food Safety Inspection Service ("FSIS") National Residue Program ("NRP"), they worked with the FOIA Officer at USDA to arrange a phone call so that their own scientific experts could discuss the bio-chemistry testing process with FSIS NRP program staff, and, based on these efforts, they developed an understanding of what the raw data provided by the USDA revealed.[1] When, later on, the USDA began to provide "updates" indicating the previously released data was erroneous, plaintiffs asked the USDA to explain what the error was and to provide the raw data supporting the updated conclusions. At the time plaintiffs filed an opposition to the instant motion, the USDA still had not provided an answer.

In addition to their reasonable efforts to confirm the factual basis for their allegations, plaintiffs correctly point out that their claims are not solely based on the argument that Sanderson's *products* are not "100% Natural." They also allege that Sanderson's advertising misleads consumers about its *process* for raising chickens. In other words, plaintiffs' case does not live or die in its entirety, as Sanderson suggests, on plaintiffs' ability to prove that there are trace amounts of antibiotics in Sanderson's products. This is something the prior order denying Sanderson's motion to dismiss acknowledged. *See* Order at 10 (Dkt. No. 48). In light of the above analysis, Sanderson has failed to show that plaintiffs' allegations are legally or factually baseless

---

[1] To the extent Sanderson disputes how plaintiffs' experts interpret the USDA's raw data, that issue is not properly addressed at this stage in the litigation via an order on a motion for sanctions.

or that this is one of the rare circumstances where the extraordinary remedy of sanctions is appropriate.

## V. CONCLUSION

Sanderson's motion for sanctions is denied.[2]

**IT IS SO ORDERED**.

Dated: April 2, 2018

RICHARD SEEBORG
United States District Judge

---

[2] When a party prevails on a Rule 11 motion, the court may, if warranted, award "reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Here, Sanderson's motion is not so clearly meritless as to warrant awarding attorney's fees to plaintiffs. Each party shall bear its own costs incurred in litigating this motion.