UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al., <br> Plaintiffs, <br> v. <br> SANDERSON FARMS, INC., <br> Defendant. | Case No. 17-cv-03592-RS   (SK) <br><br> **ORDER REGARDING CHALLENGE TO FIRST AMENDMENT PRIVILEGE** <br><br> Regarding Docket No. 95 |

On August 1, 2018, Plaintiffs Friends of the Earth and Center for Food Safety ("Plaintiffs") asserted First Amendment privileges in refusing to provide some information in response to a Request for Production of Documents issued by Defendant Sanderson Farms, Inc. ("Defendant"). Defendant challenges the propriety of Plaintiff's assertions and moves to compel production of the withheld information. Specifically, Defendant seeks production of information contained in privilege logs that Plaintiffs provided. (Dkts. 95-1, 95-2.)

Plaintiffs claim the Constitutional privilege of right to associate in a group effort, a right recognized by the Supreme Court. *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010) (citing *NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622 (1984)). The "First Amendment protects political association," and the "freedom to associate with others for the common advancement of political beliefs and ideals . . . . is protected by the First and Fourteenth Amendments." *Id*. (internal citations and quotation omitted).[1] Courts can curtail governmental action that has a "chilling effect" as a practical matter, by discouraging participation in a political group. *Id.* (internal citation omitted).

---

[1] The Court will refer to this right as a "First Amendment right," the most common nomenclature, even though the right also arises out of the Fourteenth Amendment.

In the context of a request for production of documents in a civil action where the responding party claims this First Amendment privilege, the court must engage in a two-part test to determine whether the responding party may withhold documents. First, the party asserting the privilege must make a *prima facie* showing that enforcement of the document request "will result in (1) harassment, membership withdrawal, or discouragement of new members," or "(2) other consequences which objectively suggest an impact on, or 'chilling' of the members' associational rights." *Brock v. Local 375, Plumbers Int'l Union of America*, 860 F.2d 346, 349-50 (9th Cir. 1988) (citing *O'Neal v. United States*, 601 F.Supp. 874, 878 (N.D. Ind. 1985). If the party asserting the privilege makes this *prima facie* showing, then the evidentiary burden shifts to the requesting party to show that the information sought is "rationally related" to a "compelling governmental interest" and that the request is the least restrictive method of obtaining the information. *Perry*, 591 F.3d at 1161.

Here, Plaintiffs fail to make a *prima facie* showing that disclosure of the information at issue will create a chilling effect on the associational rights of Plaintiffs' members. Plaintiffs argue, without any supporting evidence, that disclosure of the information will create a chilling effect. (Dkt. 95 at pages 7-8.) Argument alone is not sufficient to make this *prima facie* showing. For example, in *Perry*, the members of the association submitted "declarations from several individuals attesting to the impact compelled disclosure would have on participation and formulation of strategy." *Perry*, 591 F.3d at 1163 (citing specific information). The *Perry* court discussed the relatively low burden for the party asserting the privilege and compared the concerns that the party in that case had with the real concerns of other parties in other cases where there were threats of violence and harassment by the police or private actors. *Id*. at 1163-64. The *Perry* court found that, even though the evidence of the chilling effect was "lacking in particularity," the court accepted the evidence as sufficient to make the *prima facie* showing.

/ / /
/ / /
/ / /
/ / /

1    Here, Plaintiffs make no effort at all to provide evidence, and the Court cannot assume, in
2 the absence of any evidence, that disclosure of the information sought will chill participation.  For
3 this reason, the Court GRANTS Defendant's motion to compel production of information
4 contained on the privilege logs.

**IT IS SO ORDERED**.

Dated: August 29, 2018



_____
SALLIE KIM
United States Magistrate Judge