1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ELSNER LAW & POLICY, LLC**
Gretchen Elsner (*Pro Hac Vice*)
Gretchen@ElsnerLaw.org
150 Washington Avenue, Suite 201
Santa Fe, NM 87501
Telephone: (505) 303-0980

**CENTER FOR FOOD SAFETY**
Adam Keats (CSB No. 191157)
Kellan Smith (CSB No. 318911)
akeats@centerforfoodsafety.org
ksmith@centerforfoodsafety.org
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
Telephone: (415) 826-2770

*Plaintiffs' Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRIENDS OF THE EARTH and CENTER FOR FOOD SAFETY,<br><br>                              *Plaintiffs,*<br>        v.<br><br>SANDERSON FARMS, INC. a Mississippi corporation,<br><br>                              *Defendant.* | Case No.   3:17-CV-03592-RS<br><br>**MOTION TO STRIKE DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**<br><br>Hearing Date: February 14, 2019<br>Time: 1:30 PM<br>Courtroom: 3<br>Hon. Richard Seeborg |

1

## NOTICE OF MOTION

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that on February 14, 2019, at 1:30 p.m. or as soon thereafter as

4 this motion may be heard by the Honorable Richard Seeborg in Courtroom 3, 17th Floor, 450

5 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Friends of the Earth and Center for Food

6 Safety will, and hereby do, move the Court for an order striking Defendant Sanderson Farms, Inc.'s

7 Second Affirmative Defense.  The Motion is based on this Notice of Motion and Motion, the

8 accompanying Memorandum of Points and Authorities, the entire file in this matter, and the

9 arguments of counsel.

10       Plaintiffs move to strike Sanderson's entire Second Affirmative Defense, claiming "unclean

11 hands, laches, waiver, or estoppel."  Def's Answer, ECF No. 131 at 13-14.  Plaintiffs make this

12 motion on the basis that there is no issue of fact or law that might allow the defense of unclean

13 hands to succeed, since the facts as alleged by Sanderson are not sufficiently related to the

14 transaction that is the heart of Plaintiffs' claims: that Sanderson falsely advertised its chickens as

15 "100% Natural," and that Sanderson does not plead any facts in support of its claimed defenses of

16 laches, waiver, and estoppel.

17

18 Dated:  January 7, 2019                              Respectfully submitted by:

19                                                     **CENTER FOR FOOD SAFETY**

20

21                                                     _____
                                                       Adam Keats (CSB. No. 191157)
22                                                     Kellan Smith (CSB No. 318911)
                                                       akeats@centerforfoodsafety.org
23                                                     ksmith@centerforfoodsafety.org
                                                       303 Sacramento Street, 2nd Floor
24                                                     San Francisco, CA 94111
                                                       Telephone: (415) 826-2770
25
                                                       *Counsel for Plaintiffs*
26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Sanderson's unclean hands defense mirrors the claims made in its motion for sanctions that was previously rejected by this Court. *See* ECF Nos. 49, 66. As with its motion for sanctions, Sanderson's unclean hands defense confuses an evidentiary dispute for a supposed pleading impropriety. But in order for any alleged misrepresentation by Plaintiffs to qualify as unclean hands, it must directly relate to the transaction upon which Plaintiffs base their claim. That cannot be the case here, even if Sanderson's claims could somehow be proven true (which they cannot), because the existence of Sanderson's false advertising is completely independent from and has nothing to do with Plaintiffs' supposed misrepresentation of any USDA data. Plaintiffs' representation of USDA data did not and could not induce Sanderson to falsely advertise its chicken products and the process that produces those products as "100% Natural," and in fact post-dates the false advertisements included in Plaintiffs' complaint.

The other defenses raised in Sanderson's Second Affirmative Defense—laches, waiver, and estoppel—are not supported by any facts; the entire discussion associated with those claims solely concern Sanderson's unclean hands theory. The answer thus does not satisfy the pleading standard for these affirmative defenses.

If allowed to remain in its Answer, Sanderson's Second Affirmative Defense would prejudice Plaintiffs as it could provide a basis for Sanderson to engage in oppressive and invasive discovery that could go well beyond matters that are relevant to Plaintiffs' claims and that have already been adjudicated by this Court. Because the Second Affirmative Defense is both legally insufficient and prejudicial to Plaintiffs, Plaintiffs respectfully request that this Court strike it from Sanderson's Answer to Plaintiffs' Third Amended Complaint.

### LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must

arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993)).  An affirmative defense must give a plaintiff "fair notice" of the nature of the defense.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Although the Ninth Circuit has not ruled directly on this issue, "a majority of courts in this district have applied the heightened pleading standards to affirmative defenses in considering a motion to strike." *Incase Designs, Inc. v. Marware, Inc.*, 13-cv-00604-RS, 2013 WL 12214133, at *3 (N.D. Cal. May 28, 2013) (Seeborg, J.).  "Applying this heightened pleading standard requires a defendant to provide 'some valid factual basis for pleading an affirmative defense' and allows a district court to 'weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings'." *Oracle America, Inc. v. Hewlett Packard Enterprise Company*, 16-cv-01393-JST, 2017 WL 2311296, at *1 (N.D. Cal. May 26, 2017) (Tigar, J.) (quoting *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 at 1172 (N.D. Cal. 2010)).  "[A] motion to strike under Rule 12(f) is the 'primary procedure' for objecting to an insufficient affirmative defense."  *U.S. v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Penn. 1989) (quoting 5 C. Wright and A. Miller, Federal Practice and Procedure § 1380 at 782 (1969)).

The doctrine of unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted."  *Dollar Systems, Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).  "It is fundamental to [the] operation of the doctrine that the alleged misconduct by the plaintiff relate directly to the transaction concerning which the complaint is made."  *Id.* (quoting *Arthur v. Davis*, 126 Cal.App.3d 684, 693–94 (1981)).  The Supreme Court has explained that unclean hands exist "only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation."  *Keystone Driller Co. v. General Excavator Co.,* 290 U.S. 240, 245-46 (1933).

1

**ARGUMENT**

2

I.      **Sanderson's Defense of Unclean Hands Cannot Stand**

3

A.      **Plaintiffs' Alleged Misconduct Does Not Relate Directly to Sanderson's False Advertising**

4

5            The acts taken by Plaintiffs that Sanderson argues constitute unclean hands are "false

6    representations about Sanderson and its products to this Court and in public statements."  ECF No.

7    131 at 14.  These supposedly false representations regard the potential presence of antibiotic or

8    other chemical substances in Sanderson's chickens.  Sanderson argues that discovery to date,

9    including USDA testing results, definitively proves these representations to be false.  *Id*.  This Court

10   previously addressed the USDA testing results and Plaintiffs' representations of those results in its

11   Order Denying [Sanderson's] Motion for Sanctions.  ECF  No. 66.  As this Court stated, Plaintiffs

12   had engaged in "reasonable efforts to confirm the factual basis for their allegations," including

13   working to confirm the test results that they received from the USDA.  *Id*. at 3.  Indeed, in response

14   to their developing knowledge of the USDA test results gained through discovery, Plaintiffs

15   amended their complaint.  ECF No. 78.  Sanderson's allegations of any impropriety by Plaintiffs are

16   thus completely without merit and entirely moot in light of the Third Amended Complaint, which

17   does not mention the USDA test results at all.  ECF No. 117-2.

18           But even accepting Sanderson's allegations as true for the purposes of this Motion to Strike,

19   they do not sufficiently relate to the conduct that is at issue in this lawsuit: Sanderson's false

20   advertising of its chicken products and its process for producing those products as being "100%

21   Natural."  Sanderson's false advertising exists independently of Plaintiffs' alleged

22   misrepresentations of USDA data in prior, non-operative complaints; Sanderson's allegations of

23   misrepresentations go to the weight or probity of what could have been potential evidence in this

24   action, not to the causation of Sanderson's false advertising that is the transaction with which this

25   lawsuit is concerned.  Because the alleged misrepresentations do not relate directly to the

26   complained-of actions, they cannot constitute unclean hands and cannot be a bar to Plaintiffs'

27   claims.  *Dollar Systems, Inc.*,  890 F.2d at 173.

28

1    This standard for unclean hands is stringent and unwavering.  A useful example is found in

2    the Ninth Circuit's opinion in *Dollar Systems*.  There, the plaintiff was seeking to rescind a contract,

3    but had allegedly acted in bad faith by failing to perform under the contract.  *Id*.  While there was a

4    relationship between the alleged misconduct (failure to perform) and the equitable relief sought

5    (rescission), in that both involved the same contract, the Court determined that because the contract

6    was unlawful and rescission was available before any of the alleged misconduct occurred, there was

7    no direct relationship between the misconduct and the requested rescission.  Consequently, the

8    doctrine of unclean hands could not apply as a defense to the plaintiffs' rescission claim.  *Id*.

9    Here, the relationship between the alleged misconduct of Plaintiffs and the equitable relief

10   sought is substantially more remote than that at issue in *Dollar Systems*.  Sanderson claims that

11   Plaintiffs misrepresented USDA data to the Court and to the public through "multiple pleadings

12   (including two complaints, an opposition to a motion to dismiss, and an opposition to Sanderson's

13   motion for sanctions)."  ECF No. 131 at 14.  Sanderson argues that these supposed

14   misrepresentations "relate[] to the subject matter of Plaintiffs' claims," ECF No. 131 at 13, but this

15   is not sufficient; the alleged misrepresentations must relate directly to the transaction concerning

16   which the complaint is made.  *Dollar Systems, Inc.*, 890 F.2d at 173.  This means that the alleged

17   misrepresentations must relate directly to Sanderson's false advertising.  Sanderson does not and

18   cannot allege any direct connection between Plaintiffs' supposed misrepresentations and

19   Sanderson's advertisements that are the transactions that gave rise to the complaint; it focuses

20   instead on alleged misrepresentations of evidence that were relevant, if at all, to a prior version of

21   the complaint.  That simply does not satisfy the standard.

22   It is almost impossible to imagine a scenario in which supposed misrepresentations by

23   Plaintiffs could satisfy the unclean hands standard in litigation over Sanderson's advertising of its

24   chicken products.  Perhaps if Plaintiffs had somehow misled Sanderson into believing that the

25   USDA data demonstrated that its chickens were 100% Natural, and then Sanderson relied on this

26   misrepresentation when advertising its chickens as such, then a colorable unclean hands argument

27   could be made.  But Sanderson does not allege this in its answer, and no facts have been presented

28

1   by any party suggesting that Plaintiffs had any role in how Sanderson chose to advertise its

2   chickens.

3          The lack of a sufficiently direct relationship between Sanderson's false advertising and

4   Plaintiffs' alleged misrepresentation of evidence is starkly demonstrated by the fact that the alleged

5   misrepresentations post-date the transaction that is the basis for the action.  There cannot be any sort

6   of direct or causal connection between Plaintiffs' acts and Sanderson's acts, for the simple fact that

7   Plaintiffs' alleged acts took place only subsequent to the filing of their complaint, which necessarily

8   post-dated Sanderson's false advertising that forms the basis of this action.  Acts that post-date the

9   transaction that forms the basis of a complaint cannot constitute unclean hands.  *See Dollar Systems,*

10   *Inc.*,  890 F.2d at 173 ("Avcar's alleged misconduct (failure to perform under the franchise

11   agreement) is unrelated to the issue of whether Avcar is entitled to rescind the franchise agreement.

12   Avcar's misconduct occurred after the execution of the franchise agreement.").

13          Sanderson's dissatisfaction with the way Plaintiffs have represented the USDA data in

14   various court documents is at best a dispute about the interpretation of evidence.  Such a dispute

15   does not rise to the level of unclean hands and cannot act to bar Plaintiffs' claims.

16         **B.**     **Plaintiffs Would be Prejudiced if the Defense Were Not Stricken**

17          Although a showing of prejudice is not explicitly required in the Ninth Circuit in order for

18   Plaintiffs' motion to strike to be granted, prejudice is easily demonstrated here by the nature of

19   Sanderson's argument.  The doctrine of unclean hands is potentially expansive, and could provide a

20   basis for Sanderson to conduct invasive and oppressive discovery of Plaintiffs.  "The unclean hands

21   maxim is not a search warrant authorizing the defendant to probe into all the possible types of

22   inequitable conduct ever engaged in by the plaintiff."  *POM Wonderful LLC v. Coca Cola*

23   *Company*, 166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016) (quoting 6 McCarthy on Trademarks and

24   Unfair Competition (4th ed.2010) § 31:48.).  Sanderson's unclean hands defense could also provide

25   a basis—no matter how baseless—for Sanderson to conduct needless invasive discovery of third

26   party activists.  Moreover, allowing the defense to remain could result in the needless litigation of

27   an issue—Plaintiffs' representations of the USDA data—that has already been decided and disposed

28

1   of by this Court, and in fact is no longer part of Plaintiffs' Third Amended Complaint.  Sanderson

2   has demonstrated repeatedly its willingness to litigate the issue upon which its unclean hands

3   defense is based, and further litigation should be expected if the defense is not struck.

4   **II.      The Remainder of the Second Affirmative Defense, Laches, Waiver, and Estoppel**
**          Cannot Stand**
5

6          The other defenses mentioned in Sanderson's Second Affirmative Defense—laches, waiver,

7   and estoppel—should also be stricken as mere recitals of legal terms, completely unsupported by

8   any factual allegations.  The facts alleged by Sanderson in its Second Affirmative Defense solely

9   regard Sanderson's unclean hands defense; no facts are alleged that have anything to do with

10  possible laches, waiver, or estoppel defenses.  ECF No. 131 at 13-14.  Nor are any facts alleged

11  elsewhere in the Answer that could support such defenses.

12         The mere inclusion of the words "laches," "waiver," and "estoppel" in the Answer,

13  unsupported by any factual allegation or any other information, does not satisfy the pleading

14  standard for answers no matter what standard this Court applies.  For example, under the "fair

15  notice" standard expressed in *Wyshak*, 607 F.2d at 827, while the answer may merely describe the

16  defense in "general terms," it must still include "at least some valid factual basis in support."  *Rosen*

17  *v. Marketing Group, LLC*, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016) (internal quotations omitted).

18  Meanwhile, under the heightened pleading standard described above (that has been repeatedly

19  applied in this District), "[w]hile a defense need not include extensive factual allegations in order to

20  give fair notice, bare statements reciting mere legal conclusions may not be sufficient."  *Hiramanek*

21  *v. Clark*, 13-cv-00228-RMW, 2015 WL 693222, at *1 (N.D. Cal. Mar. 1, 2015) (internal quotations

22  omitted).

23         Sanderson has provided no facts in support of its mere inclusion of three legal terms in its

24  affirmative defense, and as such Plaintiffs have no notice of the basis for these claims.  Having not

25  satisfied the pleading standard no matter which interpretation of the standard is applied by this

26  Court, they should all be struck.

27

28

1

**CONCLUSION**

2    Sanderson's unclean hands defense should be struck because it prejudices Plaintiffs and the

3  facts alleged by Sanderson are not sufficiently related to the transaction that is the heart of

4  Plaintiffs' claims: that Sanderson falsely advertised its chickens as "100% Natural."  Sanderson's

5  defenses of laches, waiver, and estoppel should be struck because Sanderson does not plead any

6  facts in support of these defenses.  For these reasons and those described above, Plaintiffs

7  respectfully request that this Court strike Sanderson's Second Affirmative Defense.

8

9  Dated:  January 7, 2019                    Respectfully submitted by:

10                                            **CENTER FOR FOOD SAFETY**

11

12                                            _____
                                              Adam Keats (CSB. No. 191157)
13                                            Kellan Smith (CSB No. 318911)
                                              akeats@centerforfoodsafety.org
14                                            ksmith@centerforfoodsafety.org
                                              303 Sacramento Street, 2nd Floor
15                                            San Francisco, CA 94111
                                              Telephone: (415) 826-2770
16

17                                            *Counsel for Plaintiffs*

18                                            **ELSNER LAW & POLICY, LLC**

19

20                                            _____

21                                            Gretchen Elsner (*Pro Hac Vice*)
                                              gretchen@elsnerlaw.org
22                                            150 Washington Avenue, Suite 201
                                              Santa Fe, NM 87501
23                                            Telephone: (505) 303-0980

24

25

26

27

28