UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRIENDS OF THE EARTH, et al.,

Plaintiffs,

v.

SANDERSON FARMS, INC.,

Defendant.

Case No. 17-cv-03592-RS

**ORDER DENYING MOTION TO STAY**

Plaintiffs Friends of the Earth and Center for Food Safety have filed a petition for a writ of mandamus with the Ninth Circuit Court of Appeals seeking review of this Court's November 27, 2018 order overruling Plaintiff's objections to the August 29, 2018 and October 3, 2018 orders of the assigned magistrate judge which addressed whether disclosure of certain portions of documents violated the First Amendment rights of association of Plaintiffs' members or employees. On January 23, 2019, the assigned magistrate judge issued an order compelling Plaintiffs to produce the documents at issue as ordered. Plaintiffs now seek to stay enforcement of the orders while their mandamus petition remains pending. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for February 28, 2019 is vacated. For the reasons explained below, Plaintiffs' motion is denied.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418,

1   433 (2009) (internal quotation marks omitted). Instead, it is "an exercise of judicial discretion,"
2   and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id.*
3   (internal quotation marks and alteration omitted). The party seeking a stay bears the burden of
4   justifying the exercise of that discretion. *Id.* at 433-34.

The factors considered "in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal[.]" *Powertech Tech. Inc. v. Tessera, Inc.*, No. 11-cv-6121-CW, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013) (internal quotation marks omitted). "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc'y of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009). The first two factors of this standard "are the most critical." *Nken*, 556 U.S. at 434. Once these factors are satisfied, courts then assess "the harm to the opposing party" and weigh the public interest. *Id.* at 435. An alternative to this standard is the "serious questions" test, which requires the moving party to demonstrate "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff," along with showing a "likelihood of irreparable injury" and that the stay is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1032, 1035 (9th Cir. 2011) (internal quotation marks omitted); *see also Nken*, 556 U.S. at 434 (noting the substantial overlap between the factors governing the issuance of a stay and those governing preliminary injunctions).

Plaintiffs have not met their burden to show that they are likely to succeed on the merits of its mandamus petition or that there are substantial questions going to the merits. As discussed in the November order, Plaintiffs have not made out a prima facie showing of arguable First Amendment infringement. Because Plaintiffs have not shown that they are likely to succeed on the merits of its mandamus petition and have not raised serious questions going to the merits, it is not necessary to compare the hardships involved in the granting or denial of the stay or address the balance of equities. *See Mount Graham Coal. v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996).

Accordingly, Plaintiffs motion to stay is denied. Pursuant to Federal Rule of Appellate

Procedure 8(a)(2), Plaintiffs may seek a stay from the Ninth Circuit Court of Appeals. Unless it has obtained one by February 1, 2019, they shall immediately produce the documents. If they do so, and the Ninth Circuit subsequently grants Plaintiffs' petition for a writ of mandamus, Sanderson Farms shall immediately destroy the unredacted documents and shall not rely on the formerly redacted contents in any way. Until the Ninth Circuit has resolved the mandamus petition, Sanderson Farms's counsel shall restrict access to the documents to outside counsel only.

**IT IS SO ORDERED**.

Dated: January 25, 2019

_____
RICHARD SEEBORG
United States District Judge