1   Mark McKane, P.C. (SBN 230552)
    mark.mckane@kirkland.com
2   KIRKLAND & ELLIS LLP
    555 California Street
3   San Francisco, California 94104
    Telephone: (415) 439-1400
4   Facsimile: (415) 439-1500

5   Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
    gregg.locascio@kirkland.com
6   Michael Glick (admitted *pro hac vice*)
    michael.glick@kirkland.com
7   Terence J. McCarrick (admitted *pro hac vice*)
    terence.mccarrick@kirkland.com
8   KIRKLAND & ELLIS LLP
    655 Fifteenth Street, N.W.
9   Washington, D.C.  20005
    Telephone: (202) 879-5000
10  Facsimile: (202) 879-5200

11  *Attorneys for Defendant*
    *Sanderson Farms, Inc.*
12

13                  UNITED STATES DISTRICT COURT
14                 NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
15

16  FRIENDS OF THE EARTH, and CENTER FOR        )   CASE NO. 3:17-CV-03592 (RS)
    FOOD SAFETY,                                )
17                                              )   **DEFENDANT SANDERSON FARMS,**
                                                )   **INC.'S MOTION FOR SANCTIONS**
18              Plaintiffs,                      )   **FOR FAILING TO COMPLY WITH**
          vs.                                   )   **FIRST AMENDMENT ORDERS**
19                                              )
    SANDERSON FARMS, INC.,                      )   Judge: The Honorable Sallie Kim
20                                              )   Date: March 11, 2019
              Defendant.                        )   Time: 9:30 a.m.
21                                              )   Location: Courtroom C - 15th Floor
                                                )            450 Golden Gate Avenue
22                                              )            San Francisco, CA 94102
                                                )
23                                              )
    _____ )
24

25

26

27

28

## NOTICE OF MOTION

TO PLAINTIFFS FRIENDS OF THE EARTH AND THE CENTER FOR FOOD SAFETY:

PLEASE TAKE NOTICE that on the 11th day of March, 2019 at 1:30 p.m. or as soon as this motion may be heard by the Honorable Sallie M. Kim in Courtroom C, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sanderson Farms, Inc. will, and hereby does, move the Court for an order imposing sanctions for failing to comply with the Court's prior discovery orders requiring Plaintiffs Center for Food Safety and Friends of the Earth to produce un-redacted versions of documents previously withheld on grounds of purported First Amendment Privilege.

This motion is based upon this Notice of Motion and Motion, the pleadings, records, and papers on file herein, the August 29, 2018 Discovery Order issued by Magistrate Judge Sallie Kim (ECF No. 96) ordering the production of the subject documents, the October 3, 2018 Discovery Order issued by Magistrate Judge Sallie Kim (ECF No. 115) denying Plaintiffs' Motion for Reconsideration, the November 27, 2018 Order of Judge Richard Seeborg (ECF No. 124) overruling Plaintiffs' objections to Judge Kim's orders, the January 23, 2019 Discovery Order issued by Magistrate Judge Sallie Kim (ECF No. 141) enforcing its prior discovery orders, the January 25, 2019 Order of Judge Richard Seeborg (ECF No. 145) denying Plaintiffs' request for a stay, the Ninth Circuit's denial of Plaintiffs' petition for writ of mandamus and request for a stay, *In re Friends of the Earth, et al.*, Case No. 18-73418, Dkt. No. 7 (9th Cir. Jan. 31, 2019),  and on such other and further matters as may be presented to the Court on or before the date of this hearing.

DATED: February 4, 2019

Respectfully submitted,

*/s/ Terence J. McCarrick*
Terence J. McCarrick

Mark McKane, P.C. (SBN 230552)
mark.mckane@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Michael Glick (admitted *pro hac vice*)
Terence J. McCarrick (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005

*Counsel for Defendant
Sanderson Farms, Inc.*

"A basic rule of our legal system is that when courts issue orders, parties follow." *Cuviello v. Field Entm't Inc.*, 2015 WL 877688, *1 (N.D. Cal. Feb. 27, 2015). Consistent with that fundamental premise, a party, like Sanderson, should not have to file motion after motion to force its adversary to do that which this Court has repeatedly ordered it to do. Yet that is exactly the position in which Sanderson now finds itself. 159 days ago, the Court ordered Plaintiffs to produce un-redacted documents over which Plaintiffs had improperly asserted claims of First Amendment privilege. ECF No. 96 (Aug. 29 Order). After allowing Plaintiffs to submit declarations in support of their privilege claims, the Court denied a motion to reconsider that order 124 days ago, ECF No. 115 (Oct. 3 Order), and Judge Seeborg overruled objections to the Court's orders more than 10 weeks ago, ECF No. 124 (Nov. 27 Order). Nearly 2 weeks ago—after Plaintiffs refused to provide the documents at issue to Sanderson—the Court ordered Plaintiffs to comply with its prior orders by February 1 (last Friday), noting that Plaintiffs' delay "after [multiple] [c]ourt [o]rders and several months appears to be a stalling tactic." ECF No. 141 at 1-2. The Court further stated, "[i]f Plaintiffs fail to comply . . . without an order from this Court or another court excusing their compliance, they may face sanctions." *Id.* at 2. Days later, Judge Seeborg denied Plaintiffs' request for a stay, stating "[u]nless [Plaintiffs] ha[ve] obtained [a stay from the Ninth Circuit] by February 1 . . . they shall immediately produce the documents." ECF No. 145 at 3. The Ninth Circuit denied Plaintiffs' petition for writ of mandamus and request for a stay on January 31. *In re Friends of the Earth, et al.*, Case No. 18-73418, Dkt. No. 7 (9th Cir. Jan. 31, 2019).

Instead of complying with their discovery obligations and orders of the Court, Plaintiffs—after business hours on February 1—provided Sanderson a protected link supposedly to the documents at issue. Rather than produce the documents in the same manner as they had for all prior productions in this case (and in accordance with the ESI Protocol entered by the Court), Plaintiffs, without permission from this Court, provided the documents in 5-day-expiring, non-downloadable, view-only format. In other words, Sanderson cannot download the documents and, in approximately 48 more hours, Sanderson's ability to even view the documents will cease. What is more, Plaintiffs did not Bates-stamp the documents and unilaterally subjected them to "Kirkland & Ellis Attorney Eyes Only" restrictions that were neither requested by Plaintiffs, nor sanctioned by the Court or the existing Protective Order. In correspondence, Plaintiffs stated, "We expect that you will abide by all confidentiality designations until the matter has

1  been adjudicated," presumably a reference to the eleventh-hour motion to intervene filed by Doe

2  Organization in an effort to re-litigate this First Amendment issue.  ECF Nos. 151-152.  Respectfully, "the

3  matter" *has* been adjudicated—at least 6 times—and Plaintiffs' continued effort to stall by making a

4  production inconsistent with this Court's orders, the Protective Order, the ESI Protocol, and Plaintiffs'

5  prior practice in this case cannot be justified by the belated filing of a motion by an anonymous third-party

6  (who is represented by Plaintiff Center for Food Safety's former counsel of record in this very case).

7  Sanderson therefore asks the Court to sanction Plaintiffs for their continued recalcitrance.

8
                                    **FACTUAL BACKGROUND**
9

10  On August 1, 2018, Plaintiffs asserted First Amendment privilege over redacted portions of dozens

11  of documents provided to Sanderson in response to its First Set of Requests for Production of Documents.

12  ECF No. 96 at 1.  Sanderson challenged Plaintiffs' privilege assertion and, on August 28, asked the Court

13  to compel Plaintiffs to produce the withheld information.  ECF No. 95.  The next day—August 29—the

14  Court sided with Sanderson, "GRANT[ING] [Sanderson's] motion to compel production of [First

15  Amendment] information contained on [Plaintiffs'] privilege logs."  ECF No. 96 at 3.

16  On September 10, Plaintiffs moved for reconsideration of the August 29 order and sought leave to

17  submit declarations (including from third parties) in support of their privilege claims.  ECF No. 104 at 3;

18  *id.* at 4 (requesting that "third parties be given an opportunity to assert and defend their rights"); ECF No.

19  104-1 ¶ 4 ("Plaintiffs acted in reliance on their interpretation of this Court's Standing Order . . . and thus

20  did not seek to introduce any extrinsic evidence, like declarations from the impacted parties . . . .").  The

21  Court allowed Plaintiffs to submit those declarations, which Plaintiffs did for their organizations on

22  September 28.  *See* ECF Nos. 108, 111-112.  For whatever reason, Plaintiffs did not submit declarations

23  from third parties.

24  On October 3, the Court denied Plaintiffs' reconsideration request, and "ORDER[ED] Plaintiffs

25  to disclose the identities of the writers and recipients of the documents on the privilege log, withheld on

26  First Amendment grounds."  ECF No. 115 at 5.  The Court indicated "to the extent that non-members are

27  concerned about the disclosure of their identities, the Court can issue a protective order to prevent public

28  disclosure . . . if that information is truly confidential."  *Id.* at 5.  Plaintiffs neither produced the documents

---

1   nor sought a protective order.   Instead, on October 17, Plaintiffs filed objections to the Court's

2   reconsideration order, which Judge Seeborg overruled on November 27.   *See* ECF No. 121.

3       Notwithstanding that their arguments had been rejected twice by this Court and once by Judge

4   Seeborg, Plaintiffs again did not produce un-redacted copies of the subject documents.   Rather, after

5   waiting more than 3 weeks, they filed a petition for a writ of mandamus before the Ninth Circuit on

6   December 19.   ECF No. 133.   In filing the petition, Plaintiffs did not seek a stay of the Court's orders

7   pending review by the Ninth Circuit.

8       On December 21, Sanderson wrote to Plaintiffs about various discovery issues, including

9   Plaintiffs' continued refusal to produce un-redacted copies of the documents.   Sanderson asked Plaintiffs

10  to identify a date certain when Plaintiffs intended to comply with the Court's orders.   After Plaintiffs did

11  not respond for more than 2 weeks, Sanderson again raised the issue on January 7, and Plaintiffs finally

12  responded on January 8, 2019 that they "d[id] not intend to produce any privileged documents pending

13  appellate review."   Acknowledging that they never sought a stay of the Court's orders, Plaintiffs stated

14  that if Sanderson moved to enforce the prior orders, only then would they seek a stay.

15      Sanderson filed a motion to enforce the Court's orders on January 9, which Judge Seeborg held

16  was a discovery matter that should be addressed to this Court in the first instance.   ECF No. 138.

17  Sanderson immediately initiated the joint letter process called for by the Court's Standing Order, and the

18  parties filed a joint letter on January 22.

19      The Court ruled in Sanderson's favor the following day (January 23).   ECF Nos. 139, 141.   The

20  Court "ORDER[ED] Plaintiffs to produce the documents as ordered by the Court on August 29 . . . and

21  October 3 . . . by February 1."   ECF No. 141 at 1.   It noted "Plaintiffs cannot ignore the Court's [o]rders

22  and make unilateral decisions about production," and their efforts to avoid production on new grounds

23  "after [multiple] [c]ourt [o]rders and several months[] appears to be a stalling tactic."   *Id.* at 2.   The Court

24  expressly cautioned, "[i]f Plaintiffs fail to comply . . . without an order from this Court or another court

25  excusing their compliance, they may face sanctions."   *Id.*

26      Undeterred, Plaintiffs filed for an emergency stay on January 24, which Judge Seeborg denied the

27  next day.   ECF Nos. 142-143, 145.   Judge Seeborg explained, "Plaintiffs have not met their burden to

28  show that they are likely to succeed on the merits of [their] mandamus petition or that there are substantial

questions going to the merits," and explained "[u]nless [Plaintiffs] ha[ve] obtained [a stay from the Ninth Circuit] by February 1 . . . they shall immediately produce the documents."  ECF No. 145 at 1-2.  Judge Seeborg further provided that, until the Ninth Circuit had resolved Plaintiffs' mandamus petition, "Sanderson's counsel shall restrict access to the documents to outside counsel only"; however, no similar restriction was authorized in the event Plaintiffs' petition was denied.  *Id.* at 2.  In other words, Judge Seeborg did not authorize Plaintiffs to mark documents "Outside Counsel Eyes Only" in the event the Ninth Circuit denied Plaintiffs' mandamus petition.

Plaintiffs thereafter filed an emergency stay request in the Ninth Circuit pending review of their mandamus petition.  On January 31, the Ninth Circuit denied Plaintiffs' mandamus petition on the merits and rejected Plaintiffs' stay request as moot.  *In re Friends of the Earth, et al.*, Case No. 18-73418, Dkt. No. 7 (9th Cir. Jan. 31, 2019).

Just hours later, an unidentified third party—Doe Organization—filed a motion to intervene to seek a protective order preventing disclosure of its identifying information.  ECF No. 149.  Doe Organization seeks to re-litigate the very First Amendment issue Plaintiffs litigated on their behalf a half dozen times, and it does so 5 months after the Court ordered Plaintiffs to produce documents bearing Doe Organization's name and 4 months after Plaintiffs were granted leave to submit supporting declarations from third parties.  To be sure, Doe Organization (or at least its attorneys) are no strangers to these proceedings: one of Doe's attorneys (Paige Tomaselli) was previously employed by Plaintiff Center for Food Safety ("CFS") and in fact previously served as counsel to CFS *in this case*.  *See* ECF No. 76 ("Paige M. Tomaselli of Center for Food Safety hereby withdraws as attorney of record for Plaintiffs in this action.").  On February 1, Judge Seeborg instructed Doe Organization to file its request with this Court, which Doe Organization did later that day.  ECF Nos. 150-152.  Within 30 minutes of Doe Organization's re-filing, Plaintiffs filed a response in support.  ECF No. 153.

Earlier in the day on February 1, and in light of the Ninth Circuit's denial of Plaintiffs' mandamus petition the prior day, Sanderson had emailed Plaintiffs asking them to confirm that they intended to produce the documents in compliance with the Court's order.  Ex. 1.[1]  Plaintiffs did not respond to

---

[1] All "Ex." references are to exhibits attached to the Declaration of Terence J. McCarrick filed contemporaneously with this motion.

Sanderson's email.  Counsel for Sanderson therefore contacted Plaintiffs' counsel at 5:13pm PST.

Plaintiffs' counsel stated they could not confirm whether Plaintiffs intended to produce the subject

documents, but were waiting to see whether the Court acted on Doe Organization's request.   At

9:33pm PST, Plaintiffs' counsel provided Sanderson a password-protected link to the documents in an

email titled, "First Amendment Violation Production / Sanderson"; the password to view the documents

was  "K&E1stAmViolation"—apparently  accusing  Sanderson's  counsel  of  committing  a  First

Amendment violation by receiving documents that the Court and Judge Seeborg had ordered Plaintiffs to

produce a half dozen times.  Ex. 2.  Plaintiffs provided the documents in a self-expiring, non-Bates-

stamped, view-only, non-downloadable format.  The documents were also subject to a "Kirkland & Ellis

Attorney Eyes Only" restriction that is not provided for in the Protective Order.

The following day (Saturday, February 2), Sanderson emailed Plaintiffs to identify deficiencies in

Plaintiffs' production.  Sanderson specifically noted the following:

1) "providing documents in a 5-day-expiring, non-downloadable, view-only format does not comply with the Court's production orders, the ESI Protocol, or Plaintiffs' prior practice in this matter";

2) "Plaintiffs' documents are not Bates-stamped and have been unilaterally subjected to 'Kirkland Eyes Only' restrictions that were neither requested by Plaintiffs, nor sanctioned by the Court or existing Protective Order";

3) to the extent such a restriction was appropriate—and it is not—such designations should "only go to the 11 documents at issue in Doe Organization's" motion; and

4) Plaintiffs' apparent "fail[ure] to provide certain attachments referenced in the documents."

Ex. 3.  To that end, Sanderson asked Plaintiffs to "immediately reproduce the documents at issue . . .

consistent with the Court's Orders, the terms of the Protective Order . . . and the terms of the ESI Protocol."

*Id.*  Sanderson indicated that "[i]f Plaintiffs fail[ed] to do so by the end of" the day on February 2,

Sanderson would consider filing the present motion.  *Id.*  As of the filing of this motion—more than 48

hours later—Plaintiffs have not responded to Sanderson's email.

Sanderson is scheduled to take depositions of Plaintiffs' Rule 30(b)(6) designees next week

(February 11 and 12).

**ARGUMENT**

**I.      Plaintiffs Have Repeatedly Violated The Court's Production Orders.**

"Court orders are not 'frivolous pieces of paper, idly entered, which can be cavalierly disregarded by a party without peril." *Shumye v. Felleke*, 2008 WL 4679920, *6 (N.D. Cal. Oct. 21, 2008) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).   Plaintiffs, however, take a different view, believing they can comply with court-ordered discovery deadlines in their own time, on their own terms.   "Despite being ordered . . . months ago to produce documents . . . in their entirety, despite failing to secure relief from [these] order[s] from the presiding judge, and despite failing to secure relief from the appellate court" Plaintiffs have refused "to [fully] produce information falling squarely within the four corners" of this Court's orders dated August 29, October 3, and January 23—namely, "the identities of the writers and recipients of the documents on [Plaintiffs'] privilege log, withheld on First Amendment grounds." *Cuviello*, 2015 WL 877688, at *1.   To be sure, Plaintiffs "cloak[] [their] refusal in the rich tradition of the First Amendment," but their "actions reflect nothing more than an unwillingness to play by the same rules as any other party to litigation." *Id.*   "Because such actions undermine the basic structure of our system of civil litigation," the Court should impose monetary sanctions. *See id.*

There can be no dispute that Plaintiffs have not complied with the Court's orders and are in contempt of those orders.   Producing non-downloadable, non-Bates-stamped, view-only documents that will not be accessible to Sanderson after 5 days (just two days from now) does not comport with the production format specified in the ESI Protocol, ECF No. 63 at 3-6, and Plaintiffs' prior practice in this case, which is to say nothing of Plaintiffs' unilateral imposition of "Kirkland & Ellis Attorney Eyes Only" designations on its entire production.   "This [C]ourt never permitted [Plaintiffs]" to restrict disclosure of Plaintiffs' documents in that fashion, *Cuviello*, 2015 WL 877688, at *3, nor are such restrictions provided for in the Protective Order, ECF No. 54.   And Plaintiffs knew as much: when this Court denied Plaintiffs' request for reconsideration in October, it invited them to seek a protective order "to prevent public disclosure" if the identifying information in question was "truly confidential."   ECF No. 115 at 5. Plaintiffs never did so, and their effort to unilaterally impose such a restriction now is flatly inconsistent with Judge Seeborg's order denying a stay.   In that order, Judge Seeborg provided for restricted disclosure of the documents in question *only so long* as Plaintiffs' Ninth Circuit petition was pending.   ECF No. 145

1    at 3 ("Until the Ninth Circuit has resolved the mandamus petition, Sanderson's Farms's counsel shall

2    restrict access to the documents to outside counsel only."). The Ninth Circuit denied Plaintiffs' mandamus

3    petition—full stop—and, as a result, Plaintiffs were obligated to "immediately produce the documents" at

4    issue, subject only to the normal strictures of the ESI Protocol and Protective Order governing this case.

5    Plaintiffs cannot stall their compliance any longer.

6           It is no answer to cite Doe Organization's pending motion. As an initial matter, Doe

7    Organization's request relates to only "eleven pages of emails." ECF No. 152 at 7. Plaintiffs' blanket

8    designation of other, non-Doe Organization communications is therefore inappropriate. *See* ECF No. 153

9    at 1 (Plaintiffs request the "Court temporarily ***and partially*** stay enforcement of any order compelling

10   production of the ***11 documents*** at issue in Doe Organization's filing pending full consideration of Doe

11   Organization's request."). More fundamentally, Doe Organization's motion does not relieve *Plaintiffs* of

12   their discovery obligations. Plaintiffs offer no excuse for failing to secure declarations from Doe

13   Organization and its members last fall after Plaintiffs asked for—and the Court offered—that very

14   opportunity. ECF Nos. 104, 104-1. And while Plaintiffs' purport to rely on Doe Organization's desire to

15   "protect[ ] [third-parties'] right[s] to First Amendment freedom of association, the [C]ourt already ruled

16   that the First Amendment does not apply to these communications in its order[s] requiring that the

17   documents be produced in whole—a ruling that both Judge [Seeborg] and the Ninth Circuit declined to

18   overturn." *See Cuviello*, 2015 WL 877688, at *3.

19          "Rules have to matter." *Id.* at *4. Plaintiffs "not only [have] failed to comply with this [C]ourt's

20   discovery order[s]," "but even after [their] application for a writ of mandamus was denied . . . continues

21   to violate the authority of this Court" and find ways to skirt their production obligations. *See id.* at *3.

22   "As [] seasoned litigant[s] in this and other federal courts, [Plaintiffs] clearly know[] better." *Id.* But in

23   any event, their reason for violating the Court's orders is irrelevant: "'[i]ntent is not an issue in civil

24   contempt proceedings. The sole question is whether a party complied with the . . . [C]ourt's order.'" *See*

25   *In re Search of Content Stored at Premises Controlled by Google Inc.*, 2017 WL 4700056, at *1 (N.D.

26   Cal. Oct. 19, 2017) (Seeborg, J.) (quoting *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)). On

27   January 23, this Court warned, "[i]f Plaintiffs fail to comply . . . without an order from this Court or

28   another court excusing their compliance, they may face sanctions." ECF No. 141 at 2. Plaintiffs do not

1    have such an order and have not appropriately made their production.  Sanderson therefore asks that

2    Plaintiffs be sanctioned for such misconduct.

3    **II.  Plaintiffs Should Be Sanctioned For Repeatedly Violating The Court's Orders.**

4        Sanderson specifically requests the following sanctions: (1) an award of reasonable fees and costs

5    associated with bringing this motion as well as Sanderson's January 22 motion to enforce the Court's prior

6    orders, and (2) coercive sanctions to encourage compliance with this Court's outstanding discovery orders.

7    *See Cuviello*, 2015 WL 877688, at *3 (ordering these types of relief as well as a recommendation of civil

8    contempt).  Under the circumstances presented here, both sanctions are warranted.  *Id.*

9        *First*, Rule 37 "requires a court to award fees and costs 'unless the failure [to comply with a court

10   order] was substantially justified or other circumstances make an award of expenses unjust.'"  Fed. R.

11   Civ. P. 37.  "The burden of establishing" an excuse "lies with the party facing sanctions," but here

12   Plaintiffs "offer no substantial justification" for failing to comply with the Court's orders.  *Cuviello*, 2015

13   WL 877688, at *2.  Plaintiffs have effectively been ordered 6 times to produce the documents in question

14   (3 times by this Court, 2 times by Judge Seeborg, and 1 time by the Ninth Circuit).  Yet Plaintiffs'

15   last-minute February 1 "production" "still violate[s]" not only this Court's production orders, but also the

16   ESI Protocol and Protective Order governing this case.  *See id.* at *3.  As previously explained, providing

17   limited access to self-expiring, non-downloadable, restricted-use documents do not qualify as

18   "production" under any of the relevant orders in this case.  "Nor can [Plaintiffs] argue that [their]

19   noncompliance was inadvertent or in good faith."  *Id.*  Plaintiffs "did not forget to produce the materials,

20   nor were there technical difficulties that might justify a delayed production."  *Id.*  Moreover, this

21   "production" was different than every prior production Plaintiffs have made in this case—they "simply

22   chose not to produce the information, in violation of [] direct court order[s]" and offered no explanation

23   (or response) to Sanderson for failing to do so.  There is "no clearer scenario in which an award of

24   reasonable fees and costs associated with bringing [a] motion would be warranted."  *Id.* (imposing

25   $11,275.00 sanction).[2]

26

27   [2] Importantly, Sanderson does not seek to recover fees for its time spent briefing Plaintiffs' multiple stay requests or for dealing with Doe Organization's motion; Sanderson only seeks sanctions related to its

28   January 22 motion to enforce the prior discovery orders as well as the present motion.

*Second*, "coercive sanctions are also justified." *Id.* A court may impose coercive sanctions where "intended to coerce . . . contemnor[s] to comply with the court's orders in the future, and the sanction is conditioned upon continued noncompliance." *Id.* (quoting *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992)). "Such a drastic sanction is necessary in this case." *Id.* Plaintiffs have "flout[ed] [their] discovery obligations—first by delay, then by refusing to follow this [C]ourt's specific directions, and ultimately by unauthorized [disclosure restrictions and production formats] even after all [their] attempts at securing relief failed." *Id.* "For most parties, the threat of sanctions is usually enough to deter continued violation. But not here." *Id.* "To incent [Plaintiffs] to produce all material not yet produced" in downloadable, Bates-stamped, non-restricted form "as soon as possible," the Court should impose a daily sanction of $1,000 per organization "until the production is made in full." *Id.* That sanction is particularly appropriate given that Plaintiffs' current production, which is set to become inaccessible in approximately 48 hours (5 days after production), prejudices Sanderson's ability to prepare for the depositions of Plaintiffs' representatives (set to occur next week and *after* Plaintiffs' current "production" expires) or pursue relevant third-party discovery. *See In re Heritage Bond Litig.*, 223 F.R.D. 527, 530 (C.D. Cal. 2004) (finding prejudice from non-production "considering the proximity of the depositions" of the withholding party). Instead, Plaintiffs' have forced Sanderson to once again spend time and resources compelling Plaintiffs to fulfill their discovery obligations by filing the present motion to enforce a matter on which Sanderson has already prevailed multiple times.

## CONCLUSION

For the foregoing reasons, Sanderson respectfully requests that the Court impose monetary sanctions for Plaintiffs' continued non-compliance with the Court's orders.

1

DATED: February 4, 2019

Respectfully submitted,

2

/s/ Terence J. McCarrick

Terence J. McCarrick

3

4

Mark McKane, P.C. (SBN 230552)
mark.mckane@kirkland.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Michael Glick (admitted *pro hac vice*)

5

KIRKLAND & ELLIS LLP

Terence J. McCarrick (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP

555 California Street

6

San Francisco, California  94104

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Telephone: (415) 439-1400

7

Facsimile: (415) 439-1500

Telephone: (202)-879-5000
Facsimile: (202)-879-5200

8

9

*Counsel for Defendant*
*Sanderson Farms, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this 4th day of February, 2019, a copy of the foregoing was served upon

3

all counsel of record by ECF.

4

5

6

*/s/ Terence J. McCarrick*
Terence J. McCarrick

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28