United States District Court
Northern District of California

1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7       CENTER FOR FOOD SAFETY, et al.,          Case No.  17-cv-03592-RS   (SK)

8                    Plaintiffs,
                                                 **ORDER DENYING MOTION TO**
9              v.                                **INTERVENE**

10      SANDERSON FARMS, INC.,
                                                 Regarding Docket No. 149
11                   Defendant.

12          On January 31, 2019, third party "Doe Organization" moved to intervene pursuant to Fed.

13   R. Civ. P.  24(b) for the purposes of seeking a protective order to mask the identities of individuals

14   who have communicated with Doe Organization.  (Dkt. 149.)  For the reasons discussed in more

15   detail below, the Court DENIES the motion to intervene.

16                                        **BACKGROUND**

17          The underlying litigation was filed on June 22, 2017.  (Dkt. 1.)  The deadline for factual

18   discovery is March 18, 2019, and trial is scheduled for January 27, 2020.  (Dkt. 132.)

19      **A.  Procedural History of Litigation over First Amendment Right to Association**

20          The Court first ruled on the issue of the First Amendment protection for documents in

21   possession of Plaintiffs Center for Food Safety and Friends of the Earth ("Plaintiffs") on August 29,

22   2018.   (Dkt. 96.)   At that time, the Court ordered Plaintiffs to produce documents, without

23   redactions, to show the identities of people with whom Plaintiffs had communicated, despite

24   Plaintiffs' claim that the First Amendment right of association protected the disclosure of those

25   identities. (*Id*.)  Plaintiffs then sought permission to submit declarations from individuals to support

26   their motion and asked for reconsideration, and the Court allowed Plaintiffs to do so.  (Dkts. 104,

27   108.)  After Plaintiffs submitted declarations, the Court on October 3, 2018 ruled and again ordered

28   Plaintiffs to disclose the identities of people who communicated with Plaintiffs.  (Dkt. 115.)

United States District Court
Northern District of California

1   Plaintiffs filed a motion for relief from the non-dispositive order of October 3, 2018, with the District

2   Court (Dkt. 121), and the District Court overruled those objections on November 27, 2018.  (Dkt.

3   124.)

4       Plaintiffs filed a *writ of mandamus* with the Court of Appeals for the Ninth Circuit on

5   December 19, 2018 and refused to produce the un-redacted documents, so Defendant Sanderson

6   Farms, Inc. ("Defendant") sought an order from this Court on January 22, 2019.  (Dkt. 139.)  In

7   Defendant's portion of the joint discovery letter on that issue, Defendant noted that it was beginning

8   depositions in February 2019.  (*Id.*)  On January 23, 2019, the Court then ordered Plaintiffs to

9   produce the documents that were the subject of previous orders by February 1, 2019.  (Dkt. 141.)

10  Plaintiffs then asked the District Court to stay the order, and the District Court denied that request,

11  on January 24, 2019.  (Dkt. 145.)

12      On January 31, 2019, third party Doe Organization filed a motion to intervene to seek a

13  protective order, and on February 1, 2019, Doe Organization filed a motion to stay the discovery

14  order and to expedite briefing.  (Dkts. 149, 151.)

15      Plaintiffs continued to withhold the full, un-redacted versions of the 11 documents at issue

16  here.

    **B.  Doe Organization**

17      Doe Organization claims that it is a non-profit organization with the purpose of creating a

18  "safe space for open dialogue" among members to talk about sustainable agriculture.  (Dkt. 152.)

19  Specifically, Doe Organization seeks to protect the identities of several individuals who

20  communicated via electronic mail in 11 documents, comprised of 17 individual messages.[1]  Doe

21  Organization argues that the First Amandment protects the identities of the individuals in the 11

22  documents from disclosure.  Doe Organization argues that public disclosure of its members through

23  these documents may result in reprisal from their employers or from other organizations with which

24

25

26      [1] Doe Organization provided Bates number for ten of the 11 documents, and Doe
27  Organization provided the 11 documents to the Court for *in camera* review.  The Bates numbers for
    ten of the 11 documents are as follows:  DOC 00000.508, DOC 00000.509, DOC 00000.510,
28  FOE_00041,    FOE_00048, FOE_00062, FOE_00063, FOE_00039, FOE_00055, FOE_00056,
    FOE_00058.

1      they are affiliated.  (*Id*.)  Jane Doe, a Vice president of Doe Organization, explains:

2
           Because our members include individuals with their own personal
3          perspective and opinions, who may also be affiliated with other
           organizations that do not specifically share all of their personal
4          views, to require disclosure of the views that the members do share
           on a confidential basis, or in some cases, even their membership in
5          Organization, could result in reprisals from within their organization
           or, alternatively, could create the false impression that their entire
6          organization shares their personal views. As a result, public
           disclosure of members' identities could put their jobs and
7          reputations at risk. Additionally, public disclosure of Organization's
           members' identities could compromise the perception, and
8          reputations of their respective organizations.

9

10     (Dkt. 149-1.)  Jane Doe specifically argues that members who work in agriculture, in academic

11     settings, or in environmental organizations might suffer harm if they are linked to Doe Organization

12     through these messages.  (*Id*.)

13             John Doe 1 submits a declaration claiming that he is a member of Doe Organization, that he

14     seeks a protective order to prevent disclosure of documents that might have a chilling effect on his

15     right to associate with Doe Organization, and that he engaged in the conversations "facilitated by a

16     program of the Organization with the expectation that my identity and my organization's identity

17     would not be publicly disclosed."   (Dkt. 149-2.)   If his identity were disclosed, he and his

18     "organization" would "significantly curtail" or "end" their participation with Doe Organization.

19     (*Id*.)      John Doe 2 submitted a declaration in which he explained that disclosure of his

20     communications with Doe Organization would create the "misleading impression" that he and his

21     separate organization were involved in this lawsuit, and that misleading impression would create

22     damage. (Dkt. 149-3.) John Doe 2 also stated that he would "almost certainly cease to participate"

23     with Doe Organization if his identity were disclosed.  (*Id.)*

24             Doe Organization argues that it first learned that the 11 documents would be produced to

25     Defendant in this case on January 23, 2019 and that it filed its motion on January 31, 2019 after

26     reviewing the issue and retaining counsel.  At the hearing for this motion, Plaintiffs confirmed that

27     they did not inform Doe Organization of the Court's orders requiring disclosure of the documents,

28     with the identities of the writers or recipients of the electronic mail messages, until January 23, 2019.

United States District Court
Northern District of California

3

1   Doe Organization explained that, after learning of this matter, it retained legal counsel.[2]   Doe

2   Organization also stated at the hearing on this motion that unidentified people at Doe Organization

3   were generally aware of this litigation but did not check the publicly-available docket sheet and that

4   Doe Organization was not aware of any specific order from the Court requiring disclosure of

5   information about Doe Organization's members.

**DISCUSSION**

6

**A.  Constitutional Right of Association**

7

8   Courts recognize a right to group association under the Constitution and have provided

9   protection against compelled disclosure of affiliation with groups asserting their rights to group

10   association.  *NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Roberts v. U.S. Jaycees*, 468 U.S. 609,

11   622 (1984); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010). The "First Amendment

12   protects political association," and the "freedom to associate with others for the common

13   advancement of political beliefs and ideals . . . . is protected by the First and Fourteenth

14   Amendments." *Perry v. Schwarzenegger*, 591 F.3d at 1159 (internal citations and quotation

15   omitted).  Courts can curtail governmental action that has a "chilling effect" as a practical matter,

16   by discouraging participation in a political group.  *Id.* at 1160 (internal citation omitted).[3]   In the

17   context of a request for production of documents in a civil action where the responding party claims

18   this First Amendment privilege, the court must engage in a two-part test to determine whether the

19   responding party may withhold documents.  First, the party asserting the privilege must make a

20   prima facie showing that enforcement of the document request "will result in (1) harassment,

21   membership withdrawal, or discouragement of new members," or "(2) other consequences which

22   objectively suggest an impact on, or 'chilling' of the members' associational rights." *Brock v. Local*

23   *375, Plumbers Int'l Union of America*, 860 F.2d 346, 349-50 (9th Cir. 1988) (*citing O'Neal v. United*

24   *States*, 601 F.Supp. 874, 878 (N.D. Ind. 1985).  If the party asserting the privilege makes this prima

25   facie showing, then the evidentiary burden shifts to the requesting party to show that the information

26

27   [2]   Doe Organization retained a lawyer who had previously appeared on Plaintiffs' behalf in this suit but who had withdrawn from representing Plaintiffs in June 2018.  (Dkt. 76.)

28   [3] The Court will refer to this right as a "First Amendment right," the most common nomenclature, even though the right also arises out of the Fourteenth Amendment.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    sought is "rationally related" to a "compelling governmental interest" and that the request is the

2    least restrictive method of obtaining the information.  *Perry*, 591 F.3d at 1161.

3        **B.  Legal Standard for Intervention**

4        Rule 24(b) provides that, on a "timely motion," a court may permit anyone to intervene who

5    "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares

6    with the main action a common question of fact or law."  Rule 24 further provides that, in "exercising

7    its discretion, the court must consider whether the intervention will unduly delay or prejudice the

8    adjudication of the original parties' rights."

9        A court may grant permissive intervention where there are independent grounds for

10   intervention, where the motion is timely, and where the applicant's claim or defense has a common

11   question of fact or law.  *League of United Latin American Citizens v. Wilson*, 131 F. 3d 1297, 1308

12   (9th Cir. 1997) (internal citation omitted).  A third party may intervene to seek a protective order.

13   *Beckman Indus. v. Int'l Ins. Co*., 966 F.2d 470, 472 (9th Cir. 1992.)  In determining timeliness, the

14   court must consider the stage of the proceedings, the prejudice to existing parties, and the length of

15   and reason for delay.  *League of United Latin American Citizens v. Wilson*, 131 F. 3d at 1308

16   (internal citation omitted).

17       A court may also consider factors such as 'the nature and extent of the intervenors' interest"

18   and "whether the intervenors' interests are adequately represented by other parties."  *Perry v.*

19   *Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009)  (internal citation omitted).

     **C.  Analysis**

20       Here, there are common questions of law and fact – based on the same 11 documents and

21   claim for the right to associate; accordingly, Doe Organization satisfies that requirement for

22   intervention to seek a protective order.  But the key issue is of timeliness.  This litigation has been

23   in existence for 21 months, and the motion to intervene was filed only six weeks before the deadline

24   for factual discovery.  Although Doe Organization only learned on January 23, 2019, that this Court

25   had ordered Plaintiffs to produce the un-redacted documents disclosing Doe Organization's

26   members, Doe Organization was aware of the existence of the litigation and could have obtained

27   access to the Court's Order initially ordering disclosure of its communications with Plaintiffs in

28   August 2018, when the Court issued its first order on this subject.  But more important, Defendant

5

United States District Court
Northern District of California

1   is prejudiced by this delay.  Discovery is set to close March 18, 2019.  Defendant has been forced

2   to litigate – over a six-month period – this issue of the application of the First Amendment right to

3   protect the identities of people who communicated with Plaintiff.  To force Defendant to continue

4   to litigate this issue at this late stage of discovery is prejudicial.

5          Additionally, Defendant points out that the existing protective order (Dkt. 54) can prevent

6   the harm that Doe Organization fears:  disclosure to the public of the involvement of Doe

7   Organization and the individual members of Doe Organization with Plaintiffs.  Plaintiffs can

8   produce un-redacted versions of the 11 documents at issue (which Plaintiffs have produced only in

9   redacted form) with a designation of "Confidential" under the terms of the existing protective order

10  (Dkt. 54) and thus can avoid the public disclosure that Doe Organization fears.  The Court hereby

11  ORDERS Plaintiffs to produce the 11 documents in dispute, without redaction, but with a

12  designation as "Confidential" pursuant to the Protective Order.

13         In addition, the Court notes that Doe Organization's concern that individual members of Doe

14  Organization incur risk from disclosure if their employers learn of their involvement with Doe

15  Organization is unfounded in some cases, because it is clear from the face of some of the electronic

16  mail messages that some members sent the messages from their employer's systems.  Presumably,

17  the employers have access to their own electronic mail systems, and individual members who fear

18  disclosure would use a personal electronic mail address if they were concerned about disclosure to

19  their employers.

20         Because there is a mechanism for addressing the concerns of Doe Organization and because

21  allowing Doe Organization to intervene at this time would prejudice Defendant, the Court DENIES

     the motion to intervene under Rule 24(b).

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**D.  Filing of Supplemental Reply Brief**

On February 22, 2019, Doe Organization filed a "Supplemental Reply Brief in Support of Motion to Intervene and for a Protective Order." (Dkt. 169.)  The filing of this Supplemental Reply Brief was not authorized under the Local Rules or Federal Rules of Civil Procedure, and Doe Organization did not seek permission to file it.  Under these circumstances, the Court STRIKES the Supplemental Reply Brief.

**IT IS SO ORDERED**.

Dated:  March 12, 2019



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

7