UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR FOOD SAFETY, et al.,

    Plaintiffs,

v.

SANDERSON FARMS, INC.,

    Defendant.

Case No. 17-cv-03592-RS

**ORDER DENYING MOTION TO STRIKE**

## I. INTRODUCTION

In its Answer to the Third Amended Complaint ("TAC"), defendant Sanderson Farms, Inc. alleges Friends of the Earth and Center for Food Safety (collectively "Plaintiffs") committed inequitable conduct related to the subject matter of Plaintiffs' claims, namely their allegations related to residues found in Sanderson's chicken. Plaintiffs move to strike Sanderson's second affirmative defense of unclean hands, laches, waiver, or estoppel under Federal Rule of Civil Procedure 12(f). Plaintiffs argue the defense of unclean hands is not sufficiently related to the equitable relief Plaintiffs seek through this lawsuit to bar their claims. Moreover, Plaintiffs argue the defenses of laches, waiver, and estoppel fail to give fair notice of the grounds on which they rest. For the following reasons, Plaintiffs' motion is denied. This matter was submitted without oral argument, pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND

The full facts of this case were set forth in the prior order denying Sanderson's motion to dismiss the First Amended Complaint ("FAC") and need not be repeated here. On October 2,

2018, Plaintiffs filed the TAC, advancing claims under California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL"), California Business and Professional Code Sections 17200, *et seq.* and 17500, *et seq.*, respectively. Plaintiffs aver Sanderson's "100% Natural" advertising program falsely and misleadingly suggests that its process and resulting product meet reasonable consumer expectations for "natural" poultry.

In its answer, Sanderson asserts six affirmative defenses, including the second affirmative defense of unclean hands, laches, waiver, or estoppel. As to unclean hands, Sanderson accuses Plaintiffs of inequitable conduct related to the subject matter of their claims, namely, making false statements in court filings and public statements that United States Department of Agriculture ("USDA") testing in 2015 and 2016 revealed Sanderson's chickens contained residues of antibiotics or other chemical residues. Plaintiffs move to strike the second affirmative defense for two reasons: (1) the allegations regarding unclean hands are not sufficiently related to Plaintiffs' claims; and (2) Sanderson fails to allege any facts to support an affirmative defense based on laches, waiver, and estoppel.

### III.  LEGAL STANDARD

A court may strike affirmative defenses under Rule 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted). A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "Motions to strike are regarded with disfavor [] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). "Nonetheless, the Court may properly grant motions to strike when a defense or a claim is insufficient as a matter of law." *Zep Solar Inc. v. Westinghouse Solar Inc.*,

No. C 11-06493 JSW, 2012 WL 1293873, at *1 (N.D. Cal. Apr. 16, 2012) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). "[A] . . . court shall view the pleadings in the light most favorable to the pleader." *Id.* "[A] court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Int'l Bus. Machines Corp. v. Priceline Grp. Inc.*, No. 15-137-LPS-CJB, 2017 WL 1349175, at *4 (D. Del. Apr. 10, 2017). If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). Some courts also refuse to grant Rule 12(f) motions unless prejudice would result to the moving party from denial of the motion. *Id.* When striking a claim or defense, leave to amend should be freely given if doing so does not cause prejudice to the opposing party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

### IV. DISCUSSION

The pleading of affirmative defenses in conclusory form is to be discouraged. Bare legal conclusions posing as affirmative defenses arguably contravene the requirements of Rule 8 and of case law that pleadings provide "fair notice." *Wyshak*, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.") (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). Some courts in this district have construed "fair notice" to require that affirmative defenses satisfy the *Twombly/Iqbal* plausibility standard. *See Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *4 n.2 (N.D. Cal. Oct. 25, 2013). The Ninth Circuit, however, has held that an answer requires "only describing the defense in 'general terms[.]'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quotation omitted). It did not, however, explicitly find the *Twombly/Iqbal* standard inapplicable to affirmative defenses. At minimum, "fair notice" requires some pleading of facts: "Neither mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense." *Barrilleaux v. Mendocino Cty.*, No. 14-cv-1373-TEH, 2016 WL 1298860, at *2 (N.D.

Cal. Apr. 4, 2016) (quotation omitted).

Moreover, a court "may properly grant motions to strike when a defense or a claim is insufficient as a matter of law." *Zep Solar*, 2012 WL 1293873, at *1. To prevail on a defense of unclean hands, a party must demonstrate by clear and convincing evidence (1) "that the [non-moving party's] conduct is inequitable" and (2) "that the conduct relates to the subject matter of [the non-moving party's] claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987); *see also TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 833 (9th Cir. 2011) (holding that a defendant must demonstrate that an unclean hands defense applies with "clear, convincing evidence" (quotation omitted)). With respect to the second requirement, although "precise similarity" between a plaintiff's inequitable conduct and a plaintiff's claims is not required, the misconduct "must be relative to the matter in which [the plaintiff] seeks relief[.]" *POM Wonderful LLC v. Welch Foods, Inc. ("Welch")*, 737 F. Supp. 2d 1105, 1110 (C.D. Cal. 2010) (quotation omitted). In other words, the unclean hands defense only applies if a plaintiff's unconscionable act has "immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933). If a plaintiff's alleged conduct is not sufficiently related to his or her claims for relief, the affirmative defense of unclean hands may be struck.

That said, insufficiently pleaded affirmative defenses present significantly different issues than conclusory allegations in a complaint. Permitting a plaintiff to proceed on a conclusory or factually deficient complaint potentially exposes the defendant to expensive and intrusive discovery, and to pressure to settle the matter for its "nuisance value." In most cases, even the most conclusory affirmative defenses do not impose similar burdens. In few instances, if any, will such pleadings render subject matter discoverable that is not already implicated by the allegations of the complaint. To determine the precise nature of the defendant's affirmative defenses, plaintiff will rarely need do more than propound simple "state all facts" interrogatories. Even if the responses are not wholly satisfactory, or if it becomes apparent some lack sufficient evidentiary basis, plaintiff is then in a position not greatly different from the circumstances that would exist if

CASE NO. 17-cv-03592-RS
4

the defenses had been pleaded with greater particularity in the first instance.

Proceeding with a motion to strike, in contrast, almost inevitably is a less efficient way of moving towards a resolution on the merits. Even if the motion were granted as a result of the technical deficiencies in the pleading, leave to amend would be required under nearly all conceivable circumstances. While the defendant might then abandon at least some of the weaker defenses, numerous affirmative defenses will most likely remain, which, even if stated with sufficient factual detail for pleading purposes, will still lead to a set of "state all facts" interrogatories.

Granting or denying a motion to strike lies within the discretion of the court. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). Although the pleading of affirmative defenses in overly-conclusory or tangential fashion should be avoided for the reasons stated above, the countervailing interest in conserving resources of the parties and the Court warrants denying this motion.

### V.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion to strike is denied.[1]

**IT IS SO ORDERED**.

Dated: March 18, 2019

_____
RICHARD SEEBORG
United States District Judge

---

[1] Sanderson requests that a number of documents be considered as incorporated by reference in its answer. Since none of these documents are necessary to this decision, however, the request is denied. *See In re LeapFrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 992 (N.D. Cal. 2016) (declining to take judicial notice of exhibits not necessary to decide the motion).