**ELSNER LAW & POLICY, LLC**
Gretchen Elsner (*Pro Hac Vice*)
Gretchen@ElsnerLaw.org
150 Washington Avenue, Suite 201
Santa Fe, NM 87501
Telephone: (505) 303-0980

**CENTER FOR FOOD SAFETY**
Adam Keats (CSB No. 191157)
Kellan Smith (CSB No. 318911)
akeats@centerforfoodsafety.org
ksmith@centerforfoodsafety.org
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
Telephone: (415) 826-2770

*Plaintiffs' Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRIENDS OF THE EARTH AND CENTER FOR FOOD SAFETY,<br><br>　　　　　　　*Plaintiffs,*<br>　　v.<br><br>SANDERSON FARMS, INC. a Mississippi corporation,<br><br>　　　　　　　*Defendant.* | Case No.   3:17-CV-03592-RS<br><br>**MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS** |

　　　　Plaintiffs respectfully submit this Motion for Reconsideration of this Court's March 14, 2019, Order Granting Defendant's Motion for Discovery Sanctions.  Dkt. No. 182.  This motion is being made on the grounds that the Order relies on a mistake of fact that materially affects the sanction award ordered by the Court.  N.D. Cal. L. Civ. R. 7-9(b)(3).

**1.    Plaintiffs Provided Full, Un-redacted Copies of All 39 Documents to Defendant.**

Plaintiffs draw the Court's attention to the Order's statement, repeated several times, that Plaintiffs withheld the full, un-redacted versions of the 11 documents that were subject to Doe Organization's motion. In fact, Plaintiffs provided full, un-redacted copies of all 39 documents to Defendant, first in a read-only format on February 1 and then in a downloadable format on February 4. The only difference between Plaintiffs' production of the 11 documents at issue in Doe Organization's motion and the other documents was that Plaintiffs included an "attorneys eyes only" stamp on the 11 documents at issue in Doe Organization's motion.

The sanction of Plaintiffs is based entirely on this incorrect assumption, while it appears that some portion of the sanctions awarded against Plaintiffs' counsel is based on this incorrect assumption, as well.

The specific inaccurate statements are:

(1) "*Plaintiffs withheld the full, un-redacted versions of 11 documents* involving communications with Doe Organization and Doe Organization's members and for which Doe Organization sought to protect from disclosure." Order, Dkt. 182, at 3:28-4:2 (emphasis added).

(2) "Plaintiffs then responded to Defendant by providing the documents in the normal format *but continued to withhold the full, un-redacted versions of the 11 documents for which Doe Organization sought protection.*" *Id*. at 4:8-10 (emphasis added).

(3) "Plaintiffs *failed to produce 11 of the documents in un-redacted form* because Plaintiffs knew that a third party, Doe Organization, sought leave to intervene to protect those 11 documents from disclosure." *Id*. at 6:17-19 (emphasis added).

(4) "Only after Defendant filed this motion did Plaintiffs produce *all but the 11 documents disputed by Doe Organization* in a manner that complied with the Court's Orders and the Federal Rules of Civil Procedure." *Id*. at 7:21-23 (emphasis added).

(5) "The Court ORDERS Plaintiffs to disclose *the 11 documents that Plaintiffs have produced to date only in redacted format.*" *Id*. at 8:17-18 (emphasis added).

1     (6) "This sanction is for *failure to produce the 11 documents by February 1, 2019 without redactions.*" *Id*. at 9:7-8 (emphasis added).

Plaintiffs produced all 39 documents in un-redacted form, including the 11 documents that were subject to Doe Organization's motion, on February 1, 2019. Plaintiffs' Opposition to Defendants' Motion for Sanctions, Dkt. 168 at 8:13-15. Defendants do not dispute that the documents were un-redacted. *See* Defendant Sanderson Farms, Inc.'s Reply in Support of Motion for Sanctions, Dkt. 170 at ECF 4:11-14 ["It is no answer to say that Plaintiffs 'provided' the un-redacted documents in a self-expiring, view-only, non-downloadable format."]. On Monday, February 4, 2019, Plaintiffs fixed the view-only setting, making all 39 documents, including the 11 documents at issue in Doe Organization's motion, fully downloadable in complete un-redacted form. Plaintiffs' Opposition to Defendants' Motion for Sanctions, Dkt. 168 at 9:20-21.

Because Plaintiffs provided full, un-redacted copies of all 39 documents, including the 11 documents at issue in Doe Organization's motion, in read-only format on February 1, 2019, and then fully downloadable on February 4, 2019, Plaintiffs respectfully request that the statements in the Order described above be corrected. And because the Court's sanction—at least of Plaintiffs—is based explicitly on the incorrect understanding that Plaintiffs continued to withhold un-redacted versions of the 11 documents, Plaintiffs respectfully request that the Court reconsider its imposition of sanctions.

**2.    Defendant Conducted Depositions of Plaintiffs as Scheduled and Utilized Documents at Issue at Those Depositions.**

The Order states that depositions of Plaintiffs were scheduled to begin on February 11 and 12, 2019, but that "[i]t is unclear to the Court whether those depositions took place." Order, Dkt. 182 at 4:16-17. As stated in Plaintiffs' Opposition, the depositions did in fact take place. Plaintiffs' Opposition to Defendants' Motion for Sanctions, Dkt. 168 at 6:2-5 ("Defendant was not impeded in any way in its ability to use the information between February 1 and February 4, let alone in preparing for or conducting the depositions of Plaintiffs *that took place on February 12 and 13*") (emphasis added); *id*. at 11:7-9 ("Defendant received all of the identifying information on February

1 as ordered by the Court, and *was able to utilize that information in its depositions of Plaintiffs on February 12 and 13*") (emphasis added); *see also id*. at 4:8-12.

For the above reasons, Plaintiffs respectfully request that this Court reconsider its Order Granting Sanctions to correct the factual errors described above and to reconsider its order of sanctions that is based on those inaccurate facts.

Dated:   March 21, 2019                                      Respectfully submitted by:

**CENTER FOR FOOD SAFETY**

_____
Adam Keats (CSB. No. 191157)
Kellan Smith (CSB No. 318911)
akeats@centerforfoodsafety.org
ksmith@centerforfoodsafety.org
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
Telephone: (415) 826-2770

**ELSNER LAW & POLICY, LLC**

_____
Gretchen Elsner (*Pro Hac Vice*)
gretchen@elsnerlaw.org
150 Washington Avenue, Suite 201
Santa Fe, NM 87501
Telephone: (505) 303-0980

*Counsel for Plaintiffs*