UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al., <br> Plaintiffs, <br> v. <br> SANDERSON FARMS, INC., <br> Defendant. | Case No. 17-cv-03592-RS (SK) <br><br> **ORDER REGARDING MOTION FOR RECONSIDERATION** <br><br> Regarding Docket No. 188 |

Plaintiffs Friends of the Earth and Center for Food Safety ("Plaintiffs") point out a factual error in the Court's Order of March 14, 2019 (Dkt. 182) and seek reconsideration of that Order. The Court GRANTS the motion for reconsideration to the extent that the Court herein reviews the substance of the motion, making appropriate factual adjustments to the text of the original order, and reduces the award of sanctions from a total of $10,000 to $7,500.

Plaintiffs point to the following mistake in the Court's Order of March 14, 2019: the Court stated that Plaintiffs had withheld 11 documents until after Defendant Sanderson Farms, Inc. ("Defendant") file the motion for sanctions, but in fact Plaintiffs had produced those 11 documents with a designation of "Attorneys' Eyes Only," in a format that Defendant could not download and that expired in five days.

Plaintiffs also argue that Defendant was able to proceed with depositions that had been scheduled for the week of February 11, 2019, on February 12 and 13, 2019 and thus that Defendant was not harmed in any way.

Plaintiffs fail to understand the rationale for the sanction; Defendant was forced to file the motion for sanctions on February 4, 2019, because, at that time, Plaintiffs had provided documents in a format that Defendant could not use at the depositions scheduled for the week of February 11, 2019, and because Plaintiffs did not provide assurances that they would produce documents in a

format that Defendant could download and use at the depositions. Given Plaintiffs' repeated history of delay and Plaintiffs' failure to provide assurances that the documents would be produced in a format that Defendant could use, it was understandable that Defendant would be concerned that Plaintiffs would not comply with the Court's Order of January 23, 2019 to produce documents in a usable format by February 1, 2019. (Dkt. 141.) It was only *after* Defendant notified Plaintiffs of the deficiencies of the production and only *after* Defendant filed the motion for sanctions on February 4, 2019 (Dkt. 154) that Plaintiffs complied in producing the documents in a usable format. The sanction is to compensate Defendant only partially for the attorneys' fees and costs Defendant was forced to incur because Plaintiffs did not comply with the Court's Orders. It is clear from the background of this case and the sequence of events here that Defendant was forced to incur attorneys' fees and costs to file the motion for sanctions, simply to force Plaintiffs to comply with Court's Orders.

## BACKGROUND

Plaintiffs filed this suit on June 22, 2017. (Dkt. 1.) The deadline for factual discovery was March 18, 2019, and trial is scheduled for January 27, 2020. (Dkt. 132.) The parties stipulated to both a Protective Order and Order Concerning ESI Preservation and the Protocol for Production of Documents ("ESI Order"), and the Court signed both orders. (Dkts. 54, 63.)

**A. Dispute Regarding Production of Names of People and Organizations and First Order Requiring Production of Documents**

Plaintiffs refused to produce the names of individuals and organizations with whom Plaintiffs communicated about Defendant, and Plaintiffs argued that disclosure would violate their First Amendment right to association.[1] Plaintiffs provided redacted copies of documents and created a log of documents for those redacted documents. This dispute arose to the Court, and Plaintiffs

---

[1] Courts recognize a right to "group association" under the Constitution and have provided protection against compelled disclosure of affiliation with groups asserting their rights to group association. *NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622 (1984); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010). The "First Amendment protects political association," and the "freedom to associate with others for the common advancement of political beliefs and ideas . . . . is protected by the First and Fourteenth Amendments." *Perry v. Schwarzenegger*, 591 F.3d at 1159 (internal citations and quotation omitted). As noted in earlier Orders, this right arises out of both the First and Fourteenth Amendments, but the Court will refer to this right as a First Amendment right in this Order.

2

first made this argument to the Court on August 28, 2018. (Dkt. 95.) The Court ruled on that issue on August 29, 2018 and ordered Plaintiffs to produce documents, without redactions, to show the identities of people with whom Plaintiffs had communicated. (Dkt. 96.) At that time, the Court did not order a specific deadline. (*Id*.)

### B. Second Order Requiring Production of Documents

Plaintiffs then sought permission to submit declarations from individuals to support their motion and asked for reconsideration of the Order of August 29, 2018, and the Court allowed Plaintiffs to submit the declarations and agreed to reconsider the motion in light of the new declarations. (Dkts. 104, 108.) After Plaintiffs submitted declarations (Dkts. 111, 112), the Court on October 3, 2018 ruled and again ordered Plaintiffs to disclose the identities of people who communicated with Plaintiffs. (Dkt. 115.) Again, the Court gave no specific deadline for production. (*Id*.)

### C. Plaintiffs' Request for Relief with District Court and Denial

Plaintiffs filed a motion for relief from the non-dispositive order of October 3, 2018, with the District Court (Dkt. 121), and the District Court overruled those objections on November 27, 2018. (Dkt. 124.)

### D. Plaintiffs' Writ of Mandamus

Plaintiffs filed a writ of mandamus with the Ninth Circuit Court of Appeals on December 19, 2018 but did not seek a stay from the Ninth Circuit or this Court at that time.

### E. Third Order Requiring Production

Plaintiffs continued to refuse to produce full copies of the disputed documents, so Defendant sought an order from this Court on January 22, 2019 to force Plaintiffs to do so by a date certain. (Dkt. 139.) In Defendant's portion of the joint discovery letter on that issue, Defendant noted that depositions of Plaintiffs' witnesses were scheduled for the week of February 11, 2019. (*Id*.) On January 23, 2019, the Court then ordered Plaintiffs to produce un-redacted documents that were the subject of previous orders (August 29, 2018 and October 3, 2018) by February 1, 2019. (Dkt. 141.)

### F. District Court's and Ninth Circuit's Refusal to Stay Order

Plaintiffs then asked the District Court to stay the January 23, 2019 Order, and the District Court denied that request on January 24, 2019. (Dkt. 145.) Plaintiffs requested an emergency stay

in the Ninth Circuit, but on January 31, 2019, the Ninth Circuit denied that request.

### G. Doe Organization's Motion to Intervene

On January 31, 2019, third party Doe Organization filed a motion to intervene to seek a protective order. (Dkt. 149.)

### H. Defendant's Contact with Plaintiffs on February 1, 2019

On February 1, 2019, the deadline for production, Defendant contacted Plaintiffs to determine if Plaintiffs would comply with the Court's Order requiring production of documents by February 1, 2019. (Dkt. 178.) Plaintiffs responded and stated that Plaintiffs could not confirm that Plaintiffs would comply, despite the fact that no court had granted Plaintiffs a stay of the January 23, 2019 Order. (Dkt. 178.)

### I. Doe Organization's Motion to Stay Order

Also on February 1, 2019, Doe Organization filed a motion to stay the discovery order and to expedite briefing. (Dkt. 151.) Doe Organization alleged that it is an entity that communicated with Plaintiffs and that it and its members wish to remain anonymous in order to preserve their First Amendment right to association.

### J. Plaintiffs' Production on February 1, 2019

On February 1, 2019, at 9:33 p.m., Plaintiffs then provided to Defendant a password and a link to the documents at issue. However, Plaintiffs provided the documents in a "view only" format that Defendant could not download and that would expire in five days. (Dkts. 154, 178.) In addition, Plaintiffs labeled 11 of the documents as "Attorneys' Eyes Only," and Plaintiffs did not provide Bates stamps on the documents. (Dkt. 154.) Plaintiffs also failed to provide attachments to some electronic mail messages. (Dkt. 178.)

### K. Defendant's Contact with Plaintiffs on February 2, 2019

On February 2, 2019, a Saturday, Defendant contacted Plaintiffs to identify the deficiencies in Plaintiffs' production. Defendant warned Plaintiffs that Defendant would consider filing a motion for sanctions if Plaintiffs did not produce documents to comply with the Court's Order of January 23, 2019. Plaintiffs did not respond by telling Defendant that Plaintiffs would comply. On February 4, 2019, in the afternoon, Defendant filed this motion for sanctions. Plaintiffs then responded to Defendant by providing the documents in the normal, usable format.

**L.  Order Denying Stay**

On February 6, 2019, the Court denied the motion brought by non-party Doe Organization to stay enforcement of the Order requiring production by February 1, 2019.  (Dkt. 161.)  The Court noted in the Order:  "failure to comply with the Court's Order will result in sanctions." (*Id*.)

**M. Deposition Schedule**

As noted above, depositions were scheduled to begin during the week of February11, 2019.  Those depositions took place on February 12, and 13, 2019.

## DISCUSSION

Defendant seeks sanctions pursuant to Fed.R.Civ.P. 37(b)(2), which provides for sanctions for failure to comply with an order of the court.  Rule 37(b)(2)(C) provides several sanctions but also provides that, instead or in addition to those sanctions, the court "*must* order the disobedient party, or lawyer advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure" to comply with the court's order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  (emphasis added)

Here, there is no doubt that Plaintiffs violated the Court's Order of January 23, 2019.  The Court ordered Plaintiff "to produce documents as ordered by the Court on August 29, 2018 (Dkt. 96) and October 3, 2018 (Dkt. 115) by February 1, 2019."  (Dkt. 141.)  Plaintiffs then violated both that Order of January 23, 2019, the Protective Order, the ESI Order, and the Federal Rules of Civil Procedure in four ways.

First, on February 1, 2019, Plaintiffs produced documents in a "view only" format that Defendant could not download and that expired in five days.  Production in that format is not authorized by any of the Court's three Orders requiring that Plaintiffs produce the documents, and production in that format does not comply with the Federal Rules of Civil Procedure or the ESI Order, which requires very specific methods for production of electronic information.  (Dkt. 63.)  Rule 34 of the Federal Rules of Civil Procedure also provides that, with respect to production of electronic information, if "a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form[.]"  Plaintiffs do not dispute that they stored this data in a "view only" format, and a "view only" format that expires in five days is not a "reasonably usable form" as

required by Rule 34.

Second, Plaintiffs did not Bates number the documents that they produced in the temporary format, and the failure to do so violated the ESI Order, which clearly requires Bates numbering. (Dkt. 63.)  Plaintiffs argue that the documents they produced on February 1, 2019 without Bates numbers were merely copies of earlier documents that they had produced and placed on a privilege log, so Defendant could have obtained the Bates numbers by comparing the two sets of documents and/or the privilege log.  Defendant claims that this process of identifying Bates numbers through cross-comparison is laborious and time-consuming.  Plaintiffs miss the point:  they have had ample time since August 29, 2018 to prepare the production of un-redacted documents with Bates numbers.  They failed to do so in violation of the ESI Order, and Plaintiffs cannot unilaterally force Defendant to undertake a time-consuming and laborious process to match documents with Bates numbers.

Third, Plaintiffs labeled some of the documents as "Attorneys' Eyes Only" even though the Protective Order in this case calls only for designation of "Confidential" documents.  (Dkt. 63.) Plaintiffs concede that this was improper but stated at the hearing on this motion that Defendant had also designated some documents as "Attorneys' Eyes Only."  Whether Defendant improperly designated documents as "Attorneys' Eyes Only" is not an issue before this Court, and an improper use by Defendant does not authorize Plaintiffs to make an improper designation.  In common parlance, "two wrongs don't make a right."  Furthermore, Defendant responded at the hearing on this motion that early in this case, they had inadvertently and mistakenly designated some documents as "Attorneys' Eyes Only" and immediately corrected the designation once notified of the error. Here, Plaintiffs made a conscious decision to designate the documents as "Attorneys' Eyes Only," even though they had no authorization to do so.

Fourth, Plaintiffs did not provide attachments to some of the electronic mail messages.  The ESI Order specifically provides:  "Email attachments must be mapped to their parent by the Document or Production number."  (Dkt. 63.)  In addition, Rule 34 of the Federal Rules of Civil Procedure provides that a "party must produce documents as they are kept in the usual course of business or must organize them and label them to correspond to the categories in the request[.]" Thus, not only are Plaintiffs required to produce the attachments, they are required to produce them in a manner that links them to the "parent" document.  Plaintiffs did neither.  More disturbingly, it

became clear at the hearing on this motion that Plaintiffs have taken no steps to produce those documents, despite Defendant's motion here, filed on February 4, 2019. At the hearing on this motion, Plaintiffs stated that they have "no idea if [the attachments] have been produced or not" and stated that "they might not exist." (Dkt. 178.) In other words, between February 4, 2019 and March 11, 2019, despite Defendant's motion for sanctions specifically identifying Plaintiffs' failure to provide attachments to electronic mail messages, Plaintiffs have taken no action to comply.

Plaintiffs claim that the Court should not sanction them because they were acting to protect the interests of third parties, such as Doe Organization, to protect the disclosure of those third parties' identities. Plaintiffs claim that they consulted un-named, "prominent" attorneys with expertise in the area of First Amendment right to association and that those attorneys advised them not to notify the third parties of the potential threat of disclosure but rather for Plaintiffs to continue to fight on their behalf. This excuse rings hollow, as Plaintiffs cannot hide behind the advice of un-named lawyers to justify their violation of the Court's Order of January 23, 2019. Moreover, the Court first ruled on August 29, 2018, that Plaintiffs were required to disclose those identities, and then again on October 3, 2018. The District Court rejected Plaintiffs' objections on November 27, 2018. Plaintiffs had ample time to notify third parties any time between August 29, 2018, and January 23, 2019, of the Court's Orders requiring Plaintiffs to produce the documents identifying third parties, but Plaintiffs inexplicably chose not to do so based on the advice of unidentified lawyers. Had Plaintiffs notified third parties before January 23, 2019 of the threat of disclosure, those third parties could have then decided whether they wished to file a motion to intervene in a timely manner, well before the deadline for factual discovery. As noted in the Order issued on March 12, 2019 (Dkt. 179), two of the reasons the Court denied the motion to intervene by Doe Organization are that the deadline for factual discovery was March 18, 2019, and that the case had been pending for 21 months at the time of the motion to intervene. Had Plaintiffs notified Doe Organization earlier of the Orders requiring disclosure of Doe Organization's identity, Doe Organization would have been able to move to intervene much earlier and would have had a stronger argument to intervene.

Plaintiffs also complain that Defendant did not meet and confer with Plaintiffs before filing the motion for sanctions. Defendant was not required to meet and confer to persuade Plaintiffs to

comply with the Court's Order, but Defendant actually did give Plaintiffs a chance to comply before filing this motion for sanctions. As noted above, Defendant contacted Plaintiffs on February 1, 2019, to confirm that Plaintiffs would comply with the Court's Order of January 23, 2019, and incredibly, Plaintiffs refused to commit to compliance. After Defendant received the deficient and incomplete production at 9:33 p.m. on February 1, 2019, Defendant then, on February 2, 2019, a Saturday, contacted Plaintiffs to point out the deficiencies. Plaintiffs did not commit to correcting the deficiencies.[2] Only *after* Defendant filed this motion did Plaintiffs produce all the documents in a manner that complied with the Court's Orders and the Federal Rules of Civil Procedure.[3] In addition, Defendant had scheduled depositions of Plaintiffs for the week of February 11, 2019, so forcing Defendant to engage in a lengthy process of meeting and conferring – to ensure compliance with the Court's Order of January 23, 2019 – would be absurd. Defendant was entitled to obtain documents in a form that they could use to prepare for depositions and print out as exhibits for depositions in a timely manner. Defendant was not required to meet and confer to make sure that Plaintiffs complied with the Court's Orders when the Court had ruled several times on this issue.

Plaintiffs also complain that Defendant cites the entire history of this issue. The Court is perplexed by this complaint. The history of this matter shows that Plaintiffs made a deliberate choice to defy the Court's January 23, 2019 Order. The Court was forced to order Plaintiffs to produce documents in three separate orders, and Plaintiffs nonetheless did not comply.

Plaintiffs also defend their behavior by claiming that they were acting in good faith and by alleging that the Court can sanction them only upon a showing of bad faith. Plaintiffs are incorrect on both points. First, Plaintiffs did act in bad faith. As noted in detail above, Plaintiffs made a deliberate choice not to comply with the Court's January 23, 2019 Order. That Plaintiffs were concerned with protecting the rights of third parties is unconvincing, as Plaintiffs had argued the issue of the applicability of the First Amendment right to association several times and lost. Second,

---

[2] Plaintiffs argued at the hearing on this matter that they did respond to Defendant, but Plaintiff has not in writing or at the hearing represented that Plaintiffs committed to a fully compliant production before Defendant filed this motion.

[3] Plaintiffs, at the time of the hearing, had not yet provided copies of attachments to the electronic mail messages and thus had not complied fully with the Court's Orders even at the time of the hearing.

8

Rule 37(b), cited above, does not require a finding of bad faith. Instead, it provides that the court "*must* order the disobedient party, or lawyer advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure" to comply with the court's order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." (emphasis added) Plaintiffs' behavior here was not justified, and there are no circumstances that make an award unjust.

## CONCLUSION

The Court ORDERS Plaintiffs to produce the missing attachments to the electronic mail messages by March 29, 2019. If Plaintiffs cannot find the attachments or believe that they do not exist, they must provide to Defendant, by March 29, 2019, a declaration from Plaintiffs' counsel, submitted under penalty of perjury, outlining in detail the efforts that Plaintiffs have undertaken to find the missing attachments. If Defendant wishes to challenge Plaintiffs on that issue, Defendant may file a motion by April 8, 2019, for a hearing on June 3, 2019. The parties are excused from complying with the Court's Order regarding a joint letter brief and instead may brief the motion under the Civil Local Rules, with the schedule under the Civil Local Rules.

The Court ORDERS each of Plaintiffs' counsel of record to pay sanctions in the amount of $2,500 to Defendant by May 1, 2019.[4] The Court makes clear that this sanction is for the manner of production of documents on February 1, 2019. Plaintiffs indicated at the hearing on this motion that a sanction based on the manner of production should be assessed only against Plaintiffs' counsel and not against Plaintiffs.

Although Defendant sought a higher amount of sanctions, representing the full amount of attorneys' fees Defendant incurred in preparing the motion for sanctions, the reply, and attending the hearing for this motion, the Court is reducing the total amount because Plaintiffs' counsel are representing non-profit entities.

Finally, the Court ORDERS Plaintiffs' counsel to read the Civil Local Rules for the Northern District of California, and Rules 26-37 of the Federal Rules of Civil Procedure and provide a written

---

[4] The caption of the docket indicates that Plaintiffs are represented by four lawyers: Paige Tomaselli, Gretchen Elsner, Adam Keats, and Kellan Smith. However, Tomaselli withdrew as counsel to Plaintiffs on June 6, 2018. (Dkt. 76.)

assurance to the Court that Plaintiffs' counsel have read the documents in full by March 29, 2019. The Court is concerned with comments Plaintiffs' counsel made at the hearing for this motion in which Plaintiffs' counsel indicated that Plaintiffs and counsel are "not used to doing discovery" and that Plaintiffs and counsel "are not really a discovery type litigation group." Counsel have sent a letter to the Court attesting that they have complied with this aspect of the Court's order.

Litigating in federal court requires adherence to the Federal Rules of Civil Procedure and the Court's Orders. There should be and are consequences for failing to comply with the Federal Rules of Civil Procedure and the Court's Orders. Here, Plaintiffs' counsel failed to adhere to the Court's Orders and the Federal Rules of Civil Procedure, and for that reason, the Court GRANTS Defendant's motion for sanctions in the total amount of $7,500, payable in the manner described above. Plaintiffs' counsel must pay that sanction by May 1, 2019.

**IT IS SO ORDERED**.

Dated: March 26, 2019

_____
SALLIE KIM
United States Magistrate Judge