UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SANDERSON FARMS, INC.,<br><br>Defendant. | Case No. 17-cv-03592-RS (SK)<br><br>**ORDER REGARDING SECOND SUBPOENA TO PLAINTIFFS' NON-TESTIFYING CONSULTING EXPERT AND DISCOVERY REGARDING PLAINTIFFS' RELIANCE ON COUNSEL AND EXPERT**<br><br>Regarding Docket Nos. 190, 191 |

On March 25, 2019, the parties filed two joint letter briefs, the first regarding information that Plaintiffs Center for Food Safety and Friends of the Earth ("Plaintiffs") claim is protected by attorney-client privilege, the attorney work product doctrine, and protection for a non-testifying expert and the second regarding a second subpoena to Plaintiffs' non-testifying consulting expert Larry Bohlen. (Dkts. 190, 191.) Both letter briefs address one issue: Plaintiffs' reliance on experts and attorneys in making certain statements about the products of Defendant Sanderson Farms, Inc. ("Defendant").

At issue here are several sets of discovery: (1) a deposition notice issued to Bohlen, (2) Defendant's Requests for Admission, (3) Defendant's Third Set of Requests for Production of Documents, and (4) Defendant's Fourth Set of Interrogatories.

**Background**

Plaintiffs filed suit in this matter on June 22, 2017, and alleged that Defendant violated California's unfair competition law and California's false advertising law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*, by claiming falsely that its chickens are "100% Natural." (Dkt. 1.) After Plaintiffs filed an Amended Complaint, Defendant filed an Answer to the

Amended Complaint on February 23, 2018. (Dkt. 53.) That Answer contained the defense of unclean hands with no explanation.

Among their many discovery disputes, the parties contested discovery issued to Plaintiffs' expert Bohlen, the same person who is at the center of this current dispute. At that time, Plaintiffs argued that Bohlen is a non-testifying expert, and Plaintiffs sought protection under Fed. R. Civ. P. 26(b)(4)(D) for a non-testifying expert. The Court ruled on April 10, 2018, that Defendant could not take discovery of Bohlen, based on Plaintiffs' arguments and representations. (Dkt. 69.)

Defendant issued its First Set of Requests for Production of Documents to Plaintiffs, seeking "[a]ll Documents related to meetings, phone call [sic], conversations, or other interactions between you and Larry Bohlen relating in any way to poultry since January 1, 2015," and Plaintiffs responded on April 16, 2018. (Dkt. 190-1.) Plaintiffs refused to provide documents regarding Bohlen (Request No. 12) and cited the Court's Order of April 10, 2018. (*Id.*)

Plaintiffs filed a Third Amended Complaint on October 2, 2018. (Dkt. 114-3.) Defendant filed its Answer to the Third Amended Complaint on December 17, 2018, and again alleged a defense of unclean hands. (Dkt. 131.) In this Answer, though, Defendant provided a detailed explanation of the inequitable conduct that underlies its unclean hands defense. Defendant alleges that Plaintiffs made "false statements in court filings and public statements that the United States Department of Agriculture ('USDA') testing in 2015 and 2015 revealed [that Defendant's] chickens contained resides of antibiotics or other chemical residues." (*Id.*) Plaintiffs moved to strike that affirmative defense, and the District Court denied that motion. (Dkt. 185.)

On February 12, 2019, Plaintiffs' witnesses stated in deposition that Plaintiffs relied upon scientists (including a "consulting expert") and lawyers to make their statements that the USDA found that Defendant's products contain antibiotics, pharmaceuticals, and pesticides. (Dkt. 190-5.) Defendant then issued a Third Set of Requests for Production of Documents, Fourth Set of Interrogatories, and Third Set of Requests for Admission, and Plaintiffs responded on March 18, 2019. Many of the requests sought information regarding Plaintiffs' allegedly false statement about the USDA's finding. Plaintiffs in those responses refused to produce documents, refused answer interrogatories, and refused to respond to requests for admission, and Plaintiffs relied

2

partially upon the attorney-client privilege, the attorney work product doctrine, and the "consulting expert privilege" as the basis for their objections. (Dkts. 190-2, 190-3, 190-4.)

The deadline for factual discovery was March 18, 2019. The parties met and conferred but could not reach agreement about the issues in dispute here.

**Analysis**

Defendant argues that Plaintiff cannot both hide behind privilege for purposes of discovery and also assert a defense of "advice of counsel" or "advice of experts" to counter Defendant's affirmative defense of inequitable conduct. Plaintiffs concede that they will not rely upon any argument about Bohlen: "Plaintiffs reiterate that they will not rely on Mr. Bohlen's advice in this case[.]" (Dkt. 191.) However, with regard to any other experts or attorneys, Plaintiffs argue that they can assert the privilege, partially because Defendant is late in challenging the privilege, but at the same time argue that addressing the issue is "premature" because the case is not near trial. It is difficult to imagine when the appropriate moment is under Plaintiffs' theory. Given that factual discovery has closed and given that Defendant's deadline to prepare a motion for summary judgment looms near, this is the correct time for the Court to decide whether Plaintiffs can provide any evidence at trial about their reliance on attorneys or consulting experts to counter the affirmative defense of inequitable conduct. It would be unfair to Defendant to speculate about Plaintiffs' ability to assert the privilege when Defendant is deciding whether to file a motion for summary judgment on its defense of inequitable conduct. Given that this case has progressed to this stage, the Court can decide this issue.

Plaintiffs cannot refuse to produce documents or information in litigation based on privileges that they have asserted throughout the litigation yet also rely upon an argument at summary judgment or trial based on the same documents, information, and advice of legal counsel or consulting experts that they argue are protected by privilege. It is axiomatic that a party may not hide behind a privilege and then use that privileged information when it suits the party. *Abbot Point of Care, Inc. v. Epocal, Inc*., 868 F. Supp. 2d 1310, 1324 (N.D. Ala. 2012) (noting that reliance "upon an 'advice of counsel' defense to […] allegations of unclean hands […] would 'open the door'" to questioning about "otherwise protected communications."). As courts have

recognized, a party cannot "have its cake and eat it, too" by hiding behind a privilege but asserting a claim based on it. *See, e.g.*, *Chavez v. Southwest Key Program, Inc.*, Case No. 11CV1878-CAB, 2012 WL 12868258, at *2 (S.D. Cal. Aug. 2, 2012) (quoting *Wilson v. Superior Court*, 63 Cal. App. 3d 825, 829 (Ct. App. 1976); *Fremont Indem. Co. v. Superior Court*, 137 Cal. App. 3d 554, 557-59 (Ct. App. 1982). The Ninth Circuit, among other courts, has termed this strategy of using a privilege "both as a sword and a shield," and forbidden it. *Chevron Corp v. Pennzoil Corp.*, 974 F.2d 1156, 1162-1163 (9th Cir. 1992).

Defendant accepted Plaintiffs' assertion of privilege for months and did not seek to compel further discovery responses, other than for Bohlen. Only on February 12, 2019, did Defendant learn that Plaintiffs were relying on advice of counsel or advice of consulting experts to counter Defendant's affirmative defense of inequitable conduct.

A court, faced with this type of circumstance, can issue an order preventing a party from introducing at trial evidence that the party has previously refused to produce. *Eagle SPE NV 1 Inc. v. S. Highlands Dev. Corp.*, No. 2:12-CV-00550-MMD-PAL, 2016 WL 1064462, at *2 (D. Nev. Mar. 16, 2016); *PeerMusic, III, Ltd. v. LiveUniverse, Inc.*, No. CV 09-6160-GW PLAX, 2011 WL 684610, at *1 (C.D. Cal. Feb. 17, 2011). Here, given the history of the litigation and the juncture at which this litigation stands now, this type of preclusion of evidence is appropriate.

The Court thus ORDERS that Plaintiffs may not assert an argument or evidence that Plaintiffs relied upon advice from legal counsel or from consulting attorneys in making statements about the USDA's findings regarding Defendant's products. This prohibition extends to both summary judgment and trial.

**IT IS SO ORDERED**.

Dated: April 3, 2019

_____
SALLIE KIM
United States Magistrate Judge