UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SANDERSON FARMS, INC.,<br><br>Defendant. | Case No. 17-cv-03592-RS (SK)<br><br>**ORDER REGARDING MOTION FOR LEAVE TO FILE MOTION FOR LIMITED RECONSIDERATION**<br><br>Regarding Docket No. 202 |

On April 9, 2019, Defendant Sanderson Farms, Inc. ("Defendant") filed a motion for leave to file a motion for limited reconsideration regarding this Court's April 2, 2019 Order disposing of Plaintiffs' challenge to Defendant's designation of certain privileged communications. (Dkts. 196, 202.) Defendant asks for reconsideration of the Court's privilege decisions on three documents listed in Exhibit A, the privilege log (Dkt. 196-1): Tab 12, Tab 53, and Tab 69. The Court GRANTS IN PART and DENIES IN PART the motion.

<u>Document Identified at Tab 12</u>

Defendant argues that the Court upheld Defendant's assertion of privilege with regard to the document identified at Tab 13 but not with regard to the document identified at Tab 12 even though both documents contain a message from Defendant's counsel. The document identified at Tab 13 shows on its face that Defendant conveyed a message from outside legal counsel to third parties at Defendant's advertising agency BBDO and public relations company The Cirlot Agency in order to gather information to obtain legal advice. Although the document identified at Tab 12 does not on its face show that Defendant sent the message to third parties to gather information to obtain legal advice, it appears that it is part of the same effort and same message in the document identified at Tab 13. For that reason, the Court GRANTS the motion and authorizes Defendant to withhold the document identified at Tab 12 as an attorney-client privileged communication.

Documents Identified at Tabs 53 and 69

As to the documents listed at Tabs 53 and 69, the Court DENIES Defendant's request for reconsideration. As the Court explained in the original Order, the descriptions on the privilege log (Dkt. 196-1) for the documents listed at Tabs 53 and 69 did not state that the documents were prepared for or in anticipation of litigation. Plaintiffs challenged the description of the documents on the privilege log as vague, but Defendant refused to provide more information. Given that situation, the Court refused to protect documents from disclosure under the attorney work product doctrine because the description of the document on the privilege log did not provide justification for attorney work product doctrine. Defendant does not explain why Defendant failed to provide the same description for allegedly identical documents on the privilege log. But even with an explanation, there is no question that the privilege log failed to provide Plaintiffs with sufficient notice that the attorney work product doctrine protected the documents listed at Tabs 53 and 69. Given this failure, the Court will not revise the ruling of the previous Order with regard to these documents.

**IT IS SO ORDERED**.

Dated: April 9, 2019



SALLIE KIM
United States Magistrate Judge